# G. W. WHEELER *versus* JONATHAN ROWELL.

In trespass, *quare clausum fregit*, it is necessary to prove the abuttals of the close, as stated in the declaration.

But abuttals are not to be construed strictly.

Where a close was described as abutting southerly on W's land, it was held that this did not imply that it was abutting all the way southerly on W's land.

THIS was a writ of error brought to reverse a judgment of the court of common pleas.

Wheeler brought an action of trespass, against Rowell, and alleged that the defendant, Rowell, at Littleton, on the 1st June, 1829, &c., with force and arms, broke and entered the plaintiff's close, situate in said Littleton, and bounded easterly by Pamela Wheeler's land, southerly by Vespasian Wheeler's land, and westerly by the road leading, &c. and being part of the Silas Wheeler farm, so called, and then and there with cattle, &c. eat up and despastured the grass of the plaintiff.

The cause was tried in the common pleas, upon the general issue, when the plaintiff proved a trespass, by the defendant, upon a close situated as on the plan below, and marked A.

But the court instructed the jury that although Vespasian Wheeler's land bounded the said close southerly, and said road westerly, and Pamela Wheeler's land bounded it easterly as described in the writ, yet if those lines did not enclose the close entirely, if there was a line on the south westerly side of a rod or more, not described in the plaintiff's writ, they must find for the defendant.

The jury found for the defendant, and the plaintiff having filed a bill of exceptions, brought his writ of error to reverse the judgment.

*Woods*, for the plaintiff.

*Bellows* and *Bell,* for the defendant.

*By the court.** We are of opinion, that the jury were misdirected in the court below, in this case.

It is, without doubt, necessary, in trespass, *quare clausum fregit*, to prove the abuttals of the close as stated.   5 N. H. Reports, 322 ; 2 Rolle's Ab. 677 ; Yelverton, 114, *Winkworth vs. Man* ; 1 Moore, 161, *Taylor vs Heoman*, 3 Starkie's Ev. 1435 ; 1 Chitty's Pl. 363—364 ; Buller's N. P. 89.

This was done substantially in this case.   For although the close was not abutted all along on the southerly side, by land of Vespasian Wheeler ; yet, still it was abutted southerly on his land, and this was enough to satisfy the description.   Abuttals are not to be construed strictly.   The description of the close as abutting on Wheeler's land did not imply that it was abutting there all along on Wheeler's close.   1 Taunton, 497.

*Judgment reversed.*

* Parker, J. having been of Counsel, did not sit.