# ROLLINS *v.* VARNEY.

Where the declaration in trespass described the plaintiff's close as bounded north on the land of an adjoining owner, it is sufficient if the evidence shows that owner's land to be in any degree north.

The omission of the Court to recapitulate the evidence in their charge to the jury, is no ground for a motion to set aside the verdict.

Whether the whole, or any part, and if any, what part, of the evidence shall be stated to the jury in the charge, must be left to the discretion of the Court, according to the circumstances of the case.

TRESPASS, for breaking and entering the plaintiff's close in Somersworth, treading down the grass, &c., and taking and carrying away the plaintiff's horse, and converting the same, &c.

The action was tried upon the general issue; and the principal controversy was in relation to the property in the horse.

The close in question was described in the declaration, as follows : " The plaintiff's close, situate in Somersworth, bounded on the north by the road leading from Dover to Rochester, on the west by land of Isaac Twombly, on the south by land of one Cook, and on the east by land of Joseph Horn, containing twenty-five acres."

It appeared, that the place, where the horse was taken, was a mowing field of about twenty-five acres, adjoining to which on the north-east was a pasture, (both the field and the pasture being part of a farm of about three hundred acres,) and adjoining the pasture, was the road from Dover to Rochester.

It appeared, that on the south-west, there were three persons, who owned lands adjacent to the premises, namely : Isaac Twombly, Cook, and Joseph Horn. Of these three, Twombly's land laid most toward the north, and Horn's most to the south and east. There was a part of the land towards the north and a part towards the south, which did not adjoin either of these owners.

No plan or outline of the tract described in the writ, was produced or exhibited, and the course of the road and direction of the other lines of the premises, did not distinctly appear.

It appeared, that the plaintiff was tenant of the farm, of which the field and pasture were part, paying a money rent for the tillage, and carrying on the mowing land on shares, being bound to keep up the fences, and to keep out cattle.

The Court instructed the jury, that if the evidence introduced satisfied them that the plaintiff had an interest in the land, where the horse was taken, and he was in the actual possession of it, this was sufficient to entitle him to maintain this action.

The jury were also instructed, that the plaintiff was bound to prove the abuttals of the close, as described in his writ; but in doing so, he was not required to show, that the lands of the adjoining owners were due north, or due west, where they were described, as on the north, or on the west; it was sufficient if they were northerly, that is in any degree north, or westerly, that is in any degree west. It was therefore sufficient proof of the abuttals, if the evidence satisfied their minds, that the close described,

including field and pasture, was bounded in any degree north, on the highway, in any degree west by land of Twombly's, in any degree south by land of Cook's, and in any degree East, by land of Horn's.

The Court did not recapitulate the evidence to the jury, though it was suggested, in the argument of the defendants counsel, that the Court would do so.

The jury found a verdict for the plaintiff, and the defendant's counsel moved for a new trial, upon exceptions to the foregoing charge and omission of the Court.

*Jordan*, for the plaintiff.

*Wells*, for the defendant.

PERLEY, J. The plaintiff's close is described in his declaration as containing twenty-five acres. But, according to the boundaries given on land of adjoining owners, and on the road from Dover to Rochester, the description would include the pasture lying next to that road, and the quantity of land would much overrun twenty-five acres. By a well-established rule of construction, boundaries and abuttals control the estimate of quantity, and in this case extend the close to the road, so as to include the pasture. There is, therefore, no variance in this respect between the declaration and the evidence, and the description of the plaintiff's close is sufficient.

In trespass *quare clausum fregit*, if the plaintiff sets out the boundaries and abuttals of his close in his declaration, they must be proved as they are laid. But this use does not require perfect accuracy in stating length of lines, points of compass, or other matters descriptive of the boundaries and abuttals given. All the boundaries that are given, must be proved; but the description of the boundaries in the declaration will be sufficient, if it shows, with reasonable certainty, what boundaries are meant. If the proof shows different boundaries from those laid in the declaration, this being matter of description, it will be a fatal variance; because it shows that the close described in the declar-

9*

ation is not that in which the plaintiff attempts to prove the trespass. *Wheeler* v. *Rowell*, 6 N. H. Rep. 215.

In this case, the controlling parts of the description are the abuttals on the road and on the adjoining owners. Quantity, distances, and points of compass, yield to such actual boundaries, when they are ascertained; and when they are described as lying on the north or on the south of the plaintiff's land, they are not required to be due north, or due south. This is the reasonable view of the question, and it is sustained by authority. In 2 Rolle's Abridgment, 678, it is said, " If a close be described as abutting towards the east, and it proves to be north, inclining to the east, it is sufficient;" and in Buller's Nisi Prius, 89, the rule is thus stated : " If an abuttal be assigned towards the east, though it be north, if it incline to the east, it is sufficient."

The omission of the Court to recapitulate the evidence, is no ground to set aside the verdict. Whether the whole or any part of the evidence shall be stated to the jury, and the manner of stating and explaining it, must be left to the discretion of the judge, according to the nature and circumstances of each case. 3 Chitty's Practice, 911; *Commonwealth* v. *Childs*, 10 Pick. 252.

It would be impossible to lay down positive rules to govern the Court in the exercise of this discretion. Probably no part of a judge's duty requires greater skill and practical judgment. In many cases it is doubtless highly important that the jury should have the aid which his experience may give, in extracting the leading points, and in arranging and analyzing the evidence. But a full and exact restatement of the evidence, according to the order in which it was given on the stand, would often be injudicious, and more likely to weary and confuse, than to assist the jury. The habit of summing up evidence in this full and formal way has been regarded as characteristic of an indolent and incapable judge, rather than as proof of diligence and ability. Such would seem to be the opinion of Lord Campbell, the present Chief Justice of England. In his Lives of the Chancellors, vol. 6, pages 136 and 137, he says of Lord Loughborough : " By the consent of all, he came up to the notion of a consum-

mate magistrate, when the cause turned entirely on facts. These he perceived with great quickness and accuracy, and in summing up he arranged them in lucid order, and detailed them with admirable perspicuity, as well as elegance, so as almost with certainty to bring the jury to a right verdict, instead of wearying and perplexing them *by reading over the whole of his notes of the evidence,* interspersed with twaddling comments."

In *trespass quare clausum* the breaking and entering of the plaintiff's close, is the gist of the action, and the instructions of the Court on this point were clearly correct.

*Judgment on the verdict.*