## NOYES *v.* COLBY.

30   143
65   151

In a declaration in trespass *quare clausum*, it is not necessary to describe the close, either by a name or by abuttals.

The owner of beasts, having the general possession, care and control of them at the time, is answerable in trespass, if they stray into the inclosure of another and do damage.

The cow of the defendant, of which he had the general care and control, was turned out of the pasture by a stranger, and driven in the direction of the plaintiff's close, and being left, strayed upon it, and committed the act complained of. *Held*, that an action of trespass would lie against the owner of the cow.

TRESPASS, for breaking and entering the close of the plaintiff, situated in Franklin.

Plea, the general issue.

The close was not described by boundaries or abuttals, but was called merely the plaintiff's close in Franklin. The defendant moved that the writ be quashed, but the motion was overruled by the court.

The plaintiff proved that towards night, on Sunday the 27th of June, the defendant's cow was upon his premises

grazing, between his house and stable. There was no fence between his land and the highway.

The defendant then proposed to prove that, at that time he pastured his cow in a pasture, on the road to Salisbury, and that one Heath also pastured his cow in the same pasture. On the evening in question, when Heath drove home his own cow, he also let the defendant's cow out of the pasture. He did this without the knowledge or assent of the defendant, and without any authority, and had never done so before, and after this transaction, was requested by the defendant not to do so again. He drove the cow down the road until she came to the point where it connects with the road through the village of Franklin, about two hundred feet from the plaintiff's land, when she strayed along the road and committed the trespass complained of.

The plaintiff objected that this evidence was not competent under the general issue, but, that being matter of excuse or justification, it should have been specially pleaded; but the court ruled it to be admissible.

The defendant contended that, under such circumstances, he could not be held to be a trespasser merely from the fact that he owned the cow; that he had done no wrongful or improper act; that the act of Heath, being without his knowledge or assent, and without his authority, could not make him liable in trespass; that the action should not have been brought against him, but if any trespass had been committed, should have been brought against Heath.

There being no dispute about the facts, the court ruled that the action could not be maintained; whereupon a verdict was taken for the defendant, upon which judgment was to be rendered, or it was to be set aside, and judgment rendered for the plaintiff for twenty-five cents damages, as this court might order.

*Fowler* and *Mugridge*, for the plaintiff.

I. It is not necessary that the premises in which the

trespass is alleged to have been committed should be described by boundaries or abuttals, but the declaration may be general. 2 H. Black. Rep. 1089; *Durgin* v. *Leighton*, 10 Mass. Rep. 56; Comyn's Dig. Pl. 3 M. 5 and 3 M. 34, and authorities; 1 Esp. N. P. 404; 2 Selw. N. P. 1234; 1 Chit. Pl. 364; Bul. N. P. 89; *Stevens* v. *Whistler*, 11 East 51; 2 Chit. Pl. 434; 1 Saund. Rep. 299, a. b. c.; 1 Chit. Pl. 566, N. S.; *Rice* v. *Hathaway*, Brayt. 231; *Austin* v. *Morse*, 8 Wend. 476; *Ellet* v. *Pullen*, 7 Halst. 357.

II.   Provided there had been a deficiency in the description of the *locus in quo*, that could not have been taken advantage of by a motion to quash, but should have been by demurrer, that being the proper and peculiar method of visiting a declaration which appears on its face to be defective or insufficient in substance.   If a declaration be defective, that question should be raised by demurrer, or motion in arrest of judgment.   *Beals* v. *Olmstead*, 24 Vt. Rep. (1 Deane) 114; *Vermilla* v. *Beatty*, 6 Barb. Sup. Ct. 429; *Winckley* v. *Scudder*, 1 Kelley 108; 1 Chit. Pl. 639.

III.   The plaintiff was not bound to maintain any fence against the highway.   There is no law requiring him to do so.   *Mills* v. *Stark*, 4 N. H. Rep. 516; *Wells* v. *Howell*, 19 Johns. 385; *Bush* v. *Brainard*, 1 Cow. 79, note; *Woolson* v. *Northern Railroad*, Mer. Dec. T., 1848.

The liability to fence depends entirely upon the statutes. *Rust* v. *Low & a.*, 6 Mass. Rep. 98.   And there is no statute requiring any one to fence against highways.   See cases above.   See also *Towns* v. *Railroads*, 1 Foster's Rep. 364; *Thayer* v. *Arnold*, 2 Met. 364; *Avery* v. *Maxwell*, 4 N. H. Rep. 36.

IV.   If the facts proposed to be shown in evidence by the defendant had constituted a sufficient defence, they were not competent under the general issue, but should have been pleaded specially.   Whenever the act, at common law, is *prima facie* a trespass, any matter of justification or excuse must, in general, be specially pleaded.   Coke Lit. 282, b.,

283, a.; Doug. 611; 2 Roll. Ab. 682; 12 Mod. Rep. 120; 1 Saund. 298, n. 1; Com. Dig. Pl. D. E. 15, 16, 17; 1 Chit. Pl. 438; 2 Saund. Pl. & Ev. 856.

Under not guilty in trespass, that only can be given in evidence which shows that the defendant did not do the act complained of. *Peavey* v. *Walter*, 6 C. & P. 232; *Boss* v. *Lytton*, 5 C. & P. 40, unless, indeed, inevitable accident may be given in mitigation of damages.

The general issue denies the fact of the trespass. If the defendant relies on matter in justification or excuse, he ought to plead to it. 2 Phil. Ev. 203.

Under the general issue, the defendant may give in evidence whatever goes to show he never did the acts complained of, but every defence which admits him to have been *prima facie* a trespasser, must be pleaded specially. 2 Greenl. Ev. 513, § 625; *Root* v. *Chandler*, 10 Wend. 110.

Any excuse of the trespass must be pleaded. Coke Lit. 283; 2 Saund. 285; 1 Chit. Pl. 492; 1 Saund. 298, n. 1; 7 Cowen 35.

V. The facts proposed to be proved by the defendant constituted, if admissible, no defence to the action.

The gist of an action of trespass *quare clausum* is the being disturbed in the possession of the property. *Anderson* v. *Nesmith*, 7 N. H. Rep. 167.

The disturbance of the possession is the *gist* of the action. *Chandler* v. *Walker*, 1 Foster's Rep. 285; 2 Greenl. Ev. 504, § 613.

If the close is illegally entered, a cause of action at once arises. *Brown* v. *Manter*, 2 Foster's Rep. 472, and authorities.

Trespass lies for every unlawful intrusion of a man or his beasts, though only the grass or soil be trodden down. Same and authorities.

Every entry or breach of a man's close, whether fenced or not, unless warranted by law, is a trespass, and necessarily carries along with it some damage or other. 3 Black. Com.

210; 3 Selw. N. P. 1101; *Dougherty* v. *Stepp*, 1 Dev. & Bat. 371.

A man is equally answerable for the trespass of his cattle as of himself. 3 Black. Com. 211; 2 Greenl. Ev. 509, § 621.

Every man is bound to keep his cattle upon his own land at his peril. *Mills* v. *Stark*, 4 N. H. Rep. 514; *Wells* v. *Howell*, 19 Johns. 385; *Bush* v. *Brainard*, 1 Cow. 79, note; *Dolph* v. *Ferris*, 7 Watts & Serg. 367; *Rust* v. *Low*, 6 Mass. Rep. 98.

If the cattle of one escape from the highway or from an adjoining lot into the land of another, although uninclosed, the owner of the land shall have trespass against the owner of the cattle. *Mills* v. *Stark*, 4 N. H. Rep. 516; 19 Johns. 385; 1 Cowen 79. See also *Sheridan* v. *Bean*, 8 Met. 284.

If a man's cattle escape into the land of another against his will, the owner of the land shall have trespass against them. 2 Rol. 368, 1. 15; Comyn's Dig. Trespass, (C. 1.) If in turning the cow into the highway, Heath be considered as the agent or servant of the defendant, still for his wrongful acts, or the consequences of those wrongful acts, the defendant is civilly responsible, although he did not authorize or coöperate in them, and even although he forbade or disapproved of them. Smith on Master and Servant 157; *Philadelphia and Reading Railroad* v. *Derby*, 14 Howard 479.

The master is liable for the wrong or negligence of his servant, just as much where it had been done contrary to his orders and against his interest, as where he has coöperated in or known the wrong. Story on Agency 465.

In trespass, it is not necessary for the plaintiff to prove that the act was done with any wrongful intent, it being sufficient if it was done accidentally or by mistake. 2 Greenl. Ev. 510; 1 Chit. Pl. 192; *Cowell* v. *Lovering*, 1 Camp. 497; *Coleville* v. *Reeves*, 2 Camp. 575; *Basely* v. *Clarkson*, 3 Lev. 37; *Higginson* v. *York*, 5 Mass. Rep. 341; *Hayden* v. *Shed*, 11 Mass. Rep. 500; *Guille* v. *Swan*, 19 Johns. 381.

*Pike & Barnard*, for the appellant.

I. The declaration being the statement of those facts on which the plaintiff founds his right to recover, must allege all that is essential to his right of action. He can legally prove no material fact which the declaration does not allege. He cannot recover unless he prove some particular close in which the trespass was committed. If it be material to prove a close in order to recover, it would seem material to allege it. The allegation should precede the proof, for the latter cannot be given unless the former exists. Gould's Pl. 172, § 7; 5 Bacon's Abr. 322.

The close should be described by abuttals, or by the name of the close. Gould's Pl. 183, § 31.

II. The defendant is not a trespasser, and hence not liable in this action.

1st. The word trespass, being derived from the French word *trespasser*, signifies to go beyond the right. 6 Bacon's Abr. 554; and those injuries arising to another person or his property from the misfeasance or act of another, are trespass. 1 Esp. N. P. 380; 3 Black. Com. 308; Buller's Int. 81.

Trespass *vi et armis* always supposes a misfeasance; for it will not lie for a bare nonfeasance, which, as it supposes no act, carries no trespass. 1 Esp. 383. And to consitute a trespass, for which this action is maintainable, the act causing the injury must be voluntary, and with some degree of fault, for if done involuntarily and without fault, no action of trespass *vi et armis* lies. 1 Es. 382; *Beckwith* v. *Shordike & a.* 4 Bur. 2092.

In all actions of trespass, the nature of the complaint renders it necessary to show that the injury resulted from force applied by the defendant, or one acting by his authority. 3 Stark. Ev. (2d Am. Ed.) 1442.

It seems, then, that the defendant in an action of trespass *vi et armis*, to be chargeable, must be guilty of misfeasance, or have done some act involving some degree of fault, and

this voluntarily, and with force, applied by himself or some one acting under his authority. The case does not find the defendant guilty of either; and from the facts therein stated there is no pretence that the defendant can be holden, unless his mere ownership of the cow which, in the hands of another, was made the instrument of the trespass, makes him liable.

2d. A person is not in all cases, and at all events, liable for the acts of his domestic beasts.

Upon principle there is no more reason why a person should be liable for the acts of his domestic beasts, when they are the mere instruments of wrong in the hands of another, than that he should be liable for an unauthorized injury done by another, with any inanimate chattel. The one is as irresponsible as the other, and as much the subject of control. And where there is no neglect or fault regarding domestic animals, and they do an injury wholly in consequence of the wrongful and forcible interference of another, the owner should not be charged with the injury. I should no more be charged when my cow is made the unauthorized instrument of wrong, than when my gun is. I am innocent in both cases, and in each alike.

He who unauthorized and without the knowledge of another, uses the chattel of that other, which is the proper subject of property as the instrument of wrong, is the only wrong doer, and should be alone responsible. This principle seems to be the doctrine of the common law, and well established by precedent.

It has been holden in an action of trespass for chasing plaintiff's sheep, where the defendant, with a little dog, chased the plaintiff's sheep out of his ground, where they were trespassing, and the sheep went into another man's ground which was contiguous, and without any partition fence, and the dog pursued them into such other man's ground, and the defendant, as soon as they were out of his land, called in the dog and chid him, that the defendant was

not liable. *Beckwith* v. *Shordike & a.*, 4 Bur. 2092 ; *Millen* v. *Fandyse*, cited in the same case.

When cattle escape without the owner's fault, or are driven by a dog, against the owner's will, into the close of another, it is not trespass, and the owner can enter and retake them.    Story Bail. 4th ed., 90, note to § 83.

If my servant, contrary to my will, chase my beasts into the soil of another, I shall not be punished.    Brook. Abr. Tit. Tres. pl. 435.

If I command my servant to distrain, and he ride the distress, he shall be punished and not I.    Noyes' Maxims ch. 44.

If my servant, without my notice, put my beasts into another's land, my servant is the trespasser and not I, because by the voluntary putting of the beast there, without my assent, he gains a special property for the time, and so to this purpose they are his beasts.    2 Roll. Abr. 533, C. 1 ; 7 Com. Dig. 515, tit. Trespass ; *McManus* v. *Cricket*, 1 East 106 ; Story's Agency 2d ed. note to § 456, p. 583.

So if A. beats my horse, by which he runs on to another, A. is the trespasser, and the rider is not.    *Gibbon* v. *Pepper*, 2 Salk. 637, 638.

These cases establish two things.    1st, that a person is not liable for all the acts of his domestic beast ; and 2d, that he is not liable when the wrong is done through the wrongful interference of another, and that that other is liable.

They seem fully to cover the ground which the defendant in this case sets up ; for if the servant of the owner of domestic beasts is alone liable for injuries which he has committed with them, by so much the more should the owner not be liable where the relation of master and servant does not exist.

III.    Somewhat analagous to the principle that every person should be liable for his own tortious acts, is the law limiting and defining the rights of third persons, as against

masters and principals, for the wrongful acts of their servants or agents.

No master is chargeable with the acts of his servants, but when he acts in the execution of the authority given him. *Middleton* v. *Fowler*, Salk. 282.

A master is not liable in trespass for the wilful act of his servant. *McManus* v. *Cricket*, 1 East 106 ; *Moreley* v. *Gainsford*, 2 H. Black. 442 ; *Wilson* v. *Peverly*, 2 N. H. Rep. 548 ; *Ellis* v. *Turner*, 8 Term Rep. 533; 1 Black. Com. 429 ; *Foster & a.* v. *Essex Bank*, 17 Mass. Rep. 509.

The liability of the principal depends upon the facts, 1st, that the act was done in the exercise, and 2d, within the limits of the power delegated. *Mechanicks Bank* v. *Bank of Columbia*, 5 Wheat. 326 ; *Furgerson* v. *Tenny*, 1 B. Munroe, 96, cited in 5 U. S. Dig. 852, § 107 ; Story Ag. 2d ed. § 456, pp. 581–82.

And no case has gone further, that we are able to find, than the one cited in the plaintiff's brief, from 14 Howard, 479, that " A master is liable for the tortious acts of his servants when done in the course of his employment, although they were done in disobedience of the master's orders."

If, then, a master or principal is not liable in trespass for the tortious acts of his servant or agent, except when done in the course of their employment, and even then not when done wilfully, it would seem clear that no person should be holden for the wrongful acts of a stranger, done without his knowledge, and against his assent and authority, and where no such relation as that of master and servant exists.

All the authorities, regarding the liabilities of master and principal, proceed upon the ground that each individual is liable for his own tortious acts, otherwise their liability would not be confined to the acts of their servants done in the course of their business.

The case does not find Heath the servant or agent of Colby, and it wholly negatives the assumption that he was. Heath, then, was an independent person, and a stranger to

the defendant, and was in no way under his control or direction as servant or agent. When Heath took the cow wrongfully, as he did, he became responsible for the injury she might do, and for that purpose she became his beast, a mere instrument in his hands.

IV. The defence rests upon the ground that Colby is not a trespasser. We do not justify nor excuse, but simply say we are not guilty. That we did not do the things declared against us. A justification is where the defendant admits that he did the acts complained of, and avers that he had the right so to do. It states circumstances which excuse the facts complained of, or show them to be lawful, and from its nature, therefore, it must confess the facts, otherwise it is no justification. 6 Bac. Abr. 609, tit. Trespass; *Gibbon* v. *Pepper*, Salk. 638; 1 Saund. 28, note 1, 1st Am. ed.; *Taylor* v. *Cole*, 3 Term Rep. 292; *Holten* v. *Bush*, 1 Salk. 394.

Now a justification, properly pleaded, must admit the plaintiff's declaration. In the case at bar, the plaintiff's declaration is the very matter denied by the defendant. How, then, can he justify?

Any matter which goes to show that the defendant never did the acts complained of, may be given in evidence under the general issue. 2 Greenl. Ev, § 625; *Rawson* v. *Morse & a.*, 4 Pick. 127; 1 Chit. Pl. (4th Am. ed.) 492; 3 Stark. Ev. (2d Am. Ed.) 1455.

In trespass *quare clausum fregit*, the defendant may, upon not guilty, give in evidence that his servant put his cattle there without his assent. Bull. Int. 90; *Beckwith* v. *Shordike*, 4 Bur. 2092; *Gibbon* v. *Pepper*, Salk. 638; 1 Esp. N. P. 411.

And if he may show that a servant did the wrong, why not that a stranger did it?

Woods, C. J. "A man is answerable for not only his own trespass, but that of his cattle also; for if by his negligent keeping, they stray upon the land of another, (and

much more if he permits or drives them on,) and they there tread down his neighbor's herbage, and spoil his corn or his trees, this is a trespass for which the owner must answer in damages." 3 Black. Com. 211. Such is the law as stated in the words of the author of the commentaries, which are themselves very high authority on such subjects, and such has been the uniform practice and understanding of the law in all times, so far as the books show, and it is therefore too late to inquire whether the remedy by an action of trespass is founded upon the strictest logical propriety, where the cause of the damage is the negligence, and not the wilful act of the owner of the mischievous beasts.

It is hardly necessary to remark, but for the course of the defendant's argument, that the proposition quoted from Blackstone, relates to the case in which the beasts " stray upon the land of another," and not to the case in which they are driven upon it by a stranger; for then the stranger is the author of the wrong, and the horse that he rides, or drives, is the mere passive instrument in his hands, and the owner of it, unless he have lent it for the purpose of the wrong, is as wholly guiltless as any other person. For in that case, the beast does not by the owner's negligent keeping stray upon the land of his neighbors.

It is substantially upon this ground that *Tewksbury v. Bucklin*, 7 N. H. Rep. 518, was decided; in which it was held that a party having the custody of the cattle was answerable for the trespass which they committed by straying upon another's inclosure.

The case finds that the cow " strayed along the road," and committed the act complained of. It would not be just to hold the party to the strict meaning of a single word, if it appeared by the context to have been used inaccurately; but it appears distinctly that the animal, although driven by Heath some distance from the pasture in the direction of the *locus in quo*, was not driven upon it so as to be in his hands a mere instrument for committing a trespass. Heath's

trespass was upon the chattel of the defendant, but not upon the soil of the plaintiff. He abandoned the cow, and she being no longer in his custody, " strayed," and involved the owner in the consequences ordinarily incident to permitting beasts to stray into the inclosures of others.

When Heath abandoned the cow, she was about twelve rods from the lands of the plaintiff. From that period she was no longer under the control of Heath, but was again in the legal possession of the defendant, and under his general custody and control ; and like other owners having the care and custody of their beasts at the time, he is answerable in trespass for her act in straying upon the close in question, and grazing there.

The declaration was well. It is not necessary, in such cases, for the plaintiff to describe his close. If the defendant has occasion for a description, he can have it upon filing the proper plea. If he omits to do so, it is presumed that he consents that the plaintiff may prove the act to have been done upon any land in his possession within the limits of the town named in the writ. *Wheeler* v. *Rowell*, 6 N. H. Rep. 215; *Green* v. *Jones*, 1 Saund. 299, n.

For misdirection of the judge who tried the cause, the verdict must be set aside, and a

*New trial granted.*