# REPORTS.

## HILLSBOROUGH,

### JULY TERM, A. D. 1858.

### WRIGHT *v.* BOYNTON & HAYWARD.

*Nil debet* is here a good plea in debt, on a judgment rendered in another State. It is good after verdict every where.

Jurisdiction of the person will not be gained by the courts of a State in which the debtor does not reside, where no effectual attachment is made of his estate, and no personal service is made on him, by a mere appearance, by leave of the court, to move that the action be dismissed for want of jurisdiction.

An authority to act as an agent confers no authority to form a partnership in the name of the principal with a third person.

If an agent, without authority, makes a contract of partnership for his principal, and, upon the facts coming to his knowledge, the latter assents to the contract, or suffers the business to proceed, without any objection or dissent, he will be bound as a partner.

Where a suit is brought against two, as partners, but service is made on one only, the person not served with process, and not appearing in the action, will not be a witness for the other party, to prove the partnership.

If the court charge correctly upon the law, but the instructions are not as specific as they might properly have been made, the verdict will not be set aside, unless the court is requested to give more definite instructions.

In DEBT. The writ contained six counts. It was not served on Hayward, who was a resident of Massachusetts.

The first count was upon a judgment in favor of the plaintiff against the defendants, recovered in the Court of Common Pleas of Essex county, Massachusetts, on the 3d

Monday of March, 1852, for $750.75, debt, and $31.37, costs. The other counts were upon promissory notes, and an account annexed, and general *indebitatus assumpsit.* Plea the general issue.

The plaintiff introduced a duly authenticated copy of the record of a judgment, recovered by the plaintiff, agreeing with his declaration. The closing part of the record was as follows: "This action was entered at December term, 1850, and continued until December last, (1851) when the said Boynton, defendant, moved that the action be dismissed as to him, and said motion was overruled by the court." It then recites a default of both defendants, and judgment. Attached to this record was a copy of the writ, describing Hayward as of Lawrence, in Massachusetts, and Boynton as of Nashville, N. H., and as copartners, doing business at Lawrence. Property was attached in Massachusetts, described as the property of the defendants, but no further service was made on Boynton. The judgment was founded on the notes declared on in this suit.

The defendant then exhibited a copy of the same record and writ, with a copy of the notes declared on, and of Boynton's motion to dismiss the suit, which was as follows:

Essex, ss.: C. C. P., December term, 1857. *Wright* v. *Hayward & al.* And now Spaulding Boynton, named defendant in this action, comes into court specially to move the Hon. Court here, that the action as to him be dismissed, because he says he is not, and has never been, an inhabitant of the commonwealth of Massachusetts, and that no personal service, within the jurisdiction of said commonwealth, has been made upon him, and there has been no actual and effectual attachment of his property, and for no other purpose.

By Otis P. Lord, *his atty. for that purpose only.*

The court, upon an inspection of the two copies, ruled

Wright *v.* Boynton & Hayward.

that the judgment was inoperative against Boynton in this State, and that the first count was not sustained: to which ruling the plaintiff excepted.

The plaintiff thereupon introduced the notes upon which the judgment was founded, and proved the account annexed to his writ. The notes were signed: "William Hayward & Co.," in the hand-writing of Willard Russell, who, as the plaintiff alleged, was legally authorized to act for the firm.

It appeared that the firm of Hayward & Co. was established at Lawrence, Mass., by Hayward and said Russell, and the plaintiff maintained that it consisted of the defendants; that Russell had authority from Boynton to use his name in the business as a partner; or, if not, that he assumed such authority, and that Boynton, by his acts, had subsequently ratified what Russell had done in forming the partnership, and using his name. As sustaining this position the plaintiff introduced, as part of the deposition of William Hayward, hereafter referred to, the following paper, signed by Boynton:

"Know all, &c., that I, Spaulding Boynton, of, &c., do permit and give Willard Russell, of, &c., the right to use my name, and have appointed him my agent, to do and transact business in my name, and have furnished him with capital to do business with, in the sale or manufacture of boots, shoes, socks, rubber, trunks, and clothing, &c., &c., or to purchase the same, or stock to manufacture said articles of, in Nashua, or in Merrimack, Mass., or wherever said Russell may do business in the manufacture or sale of said articles.

"Dated at Nashville, Dec. 9, 1846. In witness whereof I have hereunto set my hand and seal, &c.

(Witnessed.) SPAULDING BOYNTON. [SEAL.]"

The court ruled that this paper did not give Russell the power to make Boynton a partner with Hayward, as contended, to which the plaintiff excepted.

It appeared that the partnership was formed by Hayward, and Russell, as agent of Boynton, in the summer or fall of 1847, and that Russell had the principal charge of the business.

The plaintiff introduced the deposition of one Etheridge, who testified, among other things, that he worked for the firm; that Boynton was there in the fall of 1847, and he thought once afterwards; that he conversed upon the business of the firm with Hayward; that he thought he requested Hayward that he should be careful about the management of the business, especially about contracting debts; that there was a good deal of conversation between them in relation to the business of the firm; that Boynton was behind the counter, and that either Hayward or Russell gave him an introduction to Boynton, as Hayward's partner; it was his impression it was Hayward.

The plaintiff also introduced the deposition of said Hayward, which was excepted to by the defendant, but was admitted, subject to exception. He testified, among other things, that the partnership consisted of himself and Boynton; that it was formed by Russell and himself — Russell acting as Boynton's agent; that Boynton was at Lawrence during the continuance of the firm; that he conversed with him about the business, and charged him about running too much in debt, and told him that he must look after Russell: That at one time Boynton said he held himself liable in the business; that the firm continued three years. On cross-examination he said Boynton did not receive any of the income or earnings of the firm.

In the deposition of Etheridge, a book was referred to as containing an inventory of the goods of the parties at the time the partnership was formed. This book was laid before the jury. No other evidence was offered by either party.

The court instructed the jury, that, although the instru-

ment signed by Boynton did not authorize Russell to make Boynton a member of the firm, yet, if Boynton, knowing that a firm had been formed, and knowing what had been done by Russell, afterwards assented to it, he would be chargeable as a partner, and liable in the present action; and further, that if he held himself out to the public, or to the plaintiff, as a partner, or if he was to have any share in the profits of the business, or was to make up any of its losses, in either case he would be liable.

The jury returned a verdict for the defendant, and the plaintiff moved to set the same aside for supposed error in the rulings and charge of the court; and because the verdict was against evidence. In the argument of the cause the depositions and other papers, and the book used upon the trial, were referred to.

*C. R. Morrison,* and *Wilcox,* for the plaintiff.

Upon the uncontradicted and unimpeached testimony, the plaintiff was entitled to recover:

I. The evidence shows the defendant liable as a principal for the acts of his agent, because, when it came to his knowledge that a partnership had been formed by his agent, he did not object to or disavow his act, but, on the contrary, treated the partnership as having been properly formed. Story's Agency 248, sec. 255; Livermore's Agency 50; 2 Kent's Com. 615; *Cairnes* v. *Bleeker,* 12 Johns. 300; *Breden* v. *Dubany,* 14 S. & R. 27; *Banks* v. *Combs,* 7 Barr 543; *Burritt's Survivors* v. *Roach,* 4 McLean 325; *Brigham* v. *Peters,* 1 Gray 139; *Vianna* v. *Barclay,* 3 Cowen 281.

II. The defendant is liable as a partner:

1. Because the evidence shows that he was in fact a partner.

2. Because he gave directions as a partner, and held himself out as one of the partners. Coll. on Part. 75, sec. 86; *Stearns* v. *Haven,* 14 Vt. 540; 27 N. H. (7 Foster) 244.

The verdict, therefore, should be set aside. 26 N. H.

(6 Foster) 41; 26 N. H. (6 Foster) 189; *Newton* v. *Pope*, 1 Cowen 110; *Coffin* v. *Ins. Co.*, 15 Pick. 291; *Demyer* v. *Sanzer*, 6 Wend. 436; *Nichols* v. *Goldsmith*, 7 Wend. 160; *Moore* v. *Cox*, 33 Eng. L. & E. 312; *Davis* v. *Roper*, 33 E. L. & E. 511; *Pierce* v. *Whitney*, 22 Maine 113; *Eveleth* v. *Harmon*, 33 Maine 275; *Wendell* v. *Moulton*, Grafton, July, 1848, and cases before cited.

The business of the firm was the same as that of the agency. The stock was the same as Russell had, as Boynton's agent, and of similar value. Boynton knew of the formation of the partnership. The firm was continued for three years. His assent must be presumed. Etheridge testifies that the firm was begun in the winter of 1848; that the partners were Hayward and Boynton, and that Russell had charge of the business; that Boynton was there twice, and conversed with Hayward about the business. He was behind the counter, and was introduced to the witness as a partner.

Hayward testifies to the same facts, and that Boynton said he was holden, and gave a caution as to contracting debts.

We contend that Boynton, when informed what had been done by his agent in his name, was bound to disavow. 12 Johns. 300. Silence is a ratification. The principal must dissent, otherwise he is bound. Story on Ag. 248. It is not a case where an agency is to be inferred. Boynton is concluded.

If the court can see that the charge is not the law that should have been given to the jury, they may send the case to a new trial. The court should have said, if Boynton did not dissent, he was conclusively bound, and not have left it to the jury to weigh the evidence. The charge was calculated to mislead the jury, when applied to the state of facts shown here.

If the case has not been properly passed upon, the court will send it again to the jury. It was not a case of con-

tradictory evidence. Where the witnesses are uncontradicted the facts must be regarded as proved. *Wendell* v. *Moulton, Parker,* C. J.; *Newton* v. *Pope,* 1 Cowen 110.

*Sawyer & Stevens,* for Boynton.

The case shows Boynton an inhabitant of New-Hampshire. *Downer* v. *Shaw,* 22 N. H. (2 Foster) 280; *Rangeley* v. *Webster,* 11 N. H. 396.

The proceedings in Massachusetts were mere proceedings *in rem,* binding the property and not the person. The judgment was obtained without personal notice, or actual appearance in Massachusetts, and furnishes no evidence in this State, where sued here. *Thurber* v. *Blackburne,* 1 N. H. 246; *Whittier* v. *Wendell,* 7 N. H. 257; *Rangeley* v. *Webster,* 11 N. H. 307; *Downer* v. *Shaw,* 22 N. H. (2 Foster) 280; *Gleason* v. *Dodd,* 4 Met. 333; *Richard* v. *Walton,* 12 Johns. 434; *Holbrook* v. *Murray,* 5 Wend. 161; *Hall* v. *Williams,* 6 Pick. 245; *Woodward* v. *Tremire,* 6 Pick. 354; *Wanen* v. *Flagg,* 2 Pick. 448; *Wood* v. *Watkinson,* 17 Conn. 500; *Davidson* v. *Sharpe,* 6 Ired. 14; *McVicker* v. *Beedy,* 31 Maine 314.

If it appears by the record that there was no jurisdiction over the person, the judgment is a nullity, not to be received as *primâ facie* evidence. *Hall* v. *Williams,* 6 Pick. 247. Judgments of the courts of record of one State, rendered without notice or appearance of the defendant, when sued in the courts of another State, are not affected by the statute of 1790, but remain at common law mere nullities. 1 N. H. 246.

2. An appearance in term, to have an irregular appearance quashed, was held not to be an appearance to the action, which dispensed with further and proper process. *Wyson* v. *Wyatt,* 11 Leigh 584. If a defendant appear and plead to the action, and afterwards withdraw his plea and appearance, the case stands as if there had been no appearance and plea. *Lodge* v. *State Bank,* 6 Blackf. 557. Mov-

ing to set aside a judgment is not such an appearance as will cure a want of service of process. *Sutes* v. *Perkins,* 6 Miss. 57. A motion to quash is not an appearance. *Ferguson* v. *Ross,* 5 Pike 517; *Gooch* v. *Jeter,* 5 Pike 383. If an attorney appears and pleads to issue, and afterwards the appearance and pleas are withdrawn by leave of court, the cause stands as if there had been no appearance. *Meecher* v. *McCoy,* 3 W. & S. 501. It is by appearing and pleading to the merits of an action that a defendant waives any objection that he might otherwise take to the service of the writ. *Boyce* v. *Robinson,* 1 Eng. 552; *Duncan* v. *Ripley,* 2 Eng. 100; *Kurn* v. *Carson,* 12 S. & M. 431; *Kittredge* v. *Emerson,* 15 N. H. 227. An appearance by the tenant, in a summary proceeding to recover possession of land, for the purpose of objecting to the affidavit and summons, is not a waiver of defects in them. *Cunningham* v. *Podit,* 4 Denio 71. The name of an attorney, placed for a special purpose under the name of a respondent in the docket-entry of such a petition, does not constitute either an answer or an appearance. *Larrabee* v. *Larrabee,* 33 Maine 100.

3. Hayward, the alleged partner with Boynton, can not be a witness, to establish a partnership between them. The declaration of A. that A. and B. were jointly interested in the business, are not admissible to establish the liability of B., and to charge B. as a co-defendant. *Cottrill* v. *Vandusen,* 22 Vt., 7 Wash. 511. The admission of one partner of the existence of the partnership, is not admissible in evidence against another alleged partner; *Porter* v. *Wilson,* 13 Penn. St. R. 641; nor of the dissolution — *Daniel* v. *Nielson,* 10 B. Mon. 316. One of the partners can not prove a partnership. *Miller* v. *McClinachan,* 1 Yeats 144; *Robbins* v. *Willard,* 6 Pick. 464; *Latham* v. *Kenniston,* 13 N. H. 203. One partner is not a witness for his copartner, nor can he be made so. *Black* v. *Marvin,* 2

Wright *v.* Boynton & Hayward.

Penn. 138; *Bell* v. *Porter*, 9 Conn. 23; *Roshille* v. *Maron*, 3 M. 86.

The declarations of a partner, not a party to the suit, are not competent evidence of a partnership. *Martin* v. *Kaffroth*, 16 S. & R. 120, and 17 S. & R. 453; *McFerson* v. *Rathbone*, 7 Wend. 216; *Jewett* v. *Stevens*, 6 N. H. 82. Where three persons are sued, one of whom pleads, the plaintiff can not give the declarations of the others, to prove a partnership. *Nelson* v. *Lloyd*, 9 Watts 22; *Whitney* v. *Ferris*, 10 Johns. 66; *Tuttle* v. *Cooper*, 5 Pick. 414; *Jennings* v. *Estes*, 16 Maine 323; *Bridge* v. *Gray*, 14 Pick. 61; *Astron* v. *Jacobs*, 9 Met. 454; 13 N. H. 203.

4. A special agency must be strictly pursued, to bind the principal. *Gordon* v. *Buchanan*, 5 Yerg. 71; *Hoskins* v. *Carroll*, 7 Yerg. 505; *Dennacy* v. *Reynolds*, 1 W. & S. 328; and an act substantially varying from it is void. *Buty* v. *Carswell*, 2 Johns. 48; *Nixon* v. *Asyerott*, 5 Johns. 58; *Allen* v. *Ogden*, 1 Wash. C. C. 174. And if a special agent exceeds his authority, he does not bind his principal, unless the latter ratifies it. *Lumsdale* v. *Shackleford*, Walk. 149; *Tate* v. *Evans*, 7 Miss. 419; *Towle* v. *Leavitt*, 23 N. H. (3 Foster) 374. If the manner of doing an act be prescribed in writing, and that is known to the person dealt with, and the agent exceeds his authority, the principal is not bound. *Sanford* v. *Handy*, 23 Wend. 260. When a person deals with another who professes to be an agent, the person contracting with him is bound to know the extent of his authority. 9 Port. 210; 9 Pick. 542; 23 N. H. (3 Foster) 373. The ratification of the acts of an authorized agent will not bind the principal, unless, at the time of the notification, he was fully aware of all the circumstances. *Owings* v. *Hull*, 9 Peters 607. Delegated powers must be strictly pursued. *Welch* v. *Perrick*, 1 Hill S. C. 155.

5. A right to a share of the profits, as such, is essential to constitute a person a partner. *Huinstreet* v. *Hawland*, 5 Denio 68. To constitute a partnership in a single concern,

there must be a joint undertaking to share in the profit and loss. *Patterson* v. *Blanchard*, 1 Seld. N. Y. 186. A mutual interest in the capital, or a stipulation for mutual loss, is a necessary ingredient of a partnership. *Lawney* v. *Brooks*, 2 McCord 421. Evidence that a person was frequently seen in the counting-house of another, transacting business as principal, and that he was generally supposed, believed and understood to be a partner in the house of such other, was held insufficient to prove that he was a partner with such other person. *Brigden* v. *Taylor*, 2 H. & J. 396.

Upon the question of setting aside the verdict, the following cases are cited: *Wendell* v. *Moulton*, 26 N. H. (6 Foster) 41; *Marsh* v. *Railroad*, 19 N. H. 372; *Gould* v. *White*, 26 N. H. (6 Foster) 178; *Lisbon* v. *Bath*, 21 N. H. (1 Foster) 319.

The deposition of Etheridge is uncertain, loose and unsatisfactory. That of Hayward ought not to have been received. The rulings of the court and the charge to the jury are favorable to the plaintiff.

BELL, J. In *Thurber* v. *Blackburne*, 1 N. H. 242, it was held that *nil debet* is a good plea in debt on a judgment, rendered in another State; but that under that plea the jurisdiction of the court and matters in discharge of the action, and not the merits of the judgment itself, are to be inquired into. If this were held otherwise, it has been, so far as we are aware, uniformly held in those jurisdictions where *nil debet* is not regarded as a good plea on demurrer, that it can not be objected to after verdict. Gould's Pl. 500; Ch. Pl. 480; *Rush* v. *Cobbett*, 2 Johns. Ca. 256; *Meyer* v. *McClure*, 2 Johns. 183; *Swank* v. *State*, 3 Ohio N. S. 429.

In the present case the court, in which the judgment now in suit was rendered, had no jurisdiction of the person of Boynton, who was then a resident of this State, and

so set up in the writ, by service of process, nor in any other way, unless by a special appearance. It appears that after the action had been pending in court for a year, Boynton, by an attorney of the court, appeared, and moved the court that the action should be dismissed as to him, because he was not an inhabitant of Massachusetts, and no personal service had been made upon him in that State, and there was no actual and effectual attachment of his property. The appearance and motion were in terms made for this purpose, and no other.

The question then arises, whether such a restricted appearance, for the purpose of objecting to the jurisdiction merely, will give to the court jurisdiction of the person, if they had none before; and we are of opinion, upon considerations of public policy and convenience, that such an appearance alone ought not to confer such jurisdiction. Such an appearance must be understood to be made upon application to the court, and leave granted without prejudice, if the application is unsuccessful. We think, therefore, the ruling of the court upon this point was proper. See *Cunningham* v. *Goelet*, 4 Denio 71; *Larrabee* v. *Larrabee*, 33 Me. 100, and other cases cited by defendants.

The defendant, Boynton, executed to Russell a power-of-attorney, by which he appointed him his agent, and authorized him to purchase and sell certain kinds of goods, in his name, and to transact business of that kind, with capital furnished by him; and to use his name generally in the business. Russell, in the name of Boynton, entered into partnership with Hayward, the other party named in the writ, in a business of that kind. The court held that the power-of-attorney did not give to Russell the power to make Boynton a partner with Hayward, and we think rightly.

One who has a bare power or authority from another to do any act, must execute it himself, and can not delegate it to a stranger; for, this being a trust or confidence

reposed in him personally, it can not be assigned to one whose integrity or ability may not be known to the principal, and who, if he were known, might not be selected by him for such a purpose. The authority is exclusively personal, unless, from the express language used, or from the fair presumptions growing out of the particular transaction, a broader power was intended to be conferred. Story's Ag., secs. 13, 14; 2 Kent's Com. 633; Paley's Agency 175; Broom's Maxims 665; *Bank* v. *Norton*, 1 Hill 501; *Cochran* v. *Islam*, 2 M. & S. 301.

Now each partner possesses an equal and general power and authority, independently of articles, or express stipulations regulating their powers, in behalf of the firm, to transfer, pledge, exchange, or apply, or otherwise dispose of the partnership property and effects, for any and all purposes, within the scope and objects of the partnership, and in the course of its trade or business. Story on Part. 144. He may pledge the credit of his partners to any amount, and in all simple contract dealings, relating to the partnership business, he is, in his own person, the representative of the firm, and the act of one partner is the act of all. Cary on Part. 29, 30; 3 Kent's Com. 41, 43. Powers thus broad can not be conferred by a mere agent on a stranger, without express authority.

The testimony of Hayward was admitted, against the defendants' objection. Though he was named in the writ as a defendant, yet, as no service was made upon him, because of his residence out of the jurisdiction, he was not a party to the suit, so as to render his evidence inadmissible on that account. *Gibbs* v. *Bryant*, 1 Pick. 118; *Purviance* v. *Dryden*, 3 S. & R. 402; *Stockham* v. *Jones*, 10 Johns. 21; *Lefferts* v. *DeMott*, 21 Wend. 136; *Gay* v. *Gray*, 9 Cowen 44; *Leroy* v. *Johnson*, 2 Peters 186. But his testimony is incompetent to prove the existence of a partnership between himself and the defendant, on the ground of interest. *Latham* v. *Kenniston*, 13 N. H. 203; and see

*Jewett* v. *Davis*, 6 N. H. 518, and 1 Cowen and Hill's Notes to Phil. Ev. 115.

The admission of this evidence furnishes no ground for disturbing the verdict, since the ruling was in favor of the plaintiff, who now moves for a new trial. *Fowler* v. *Tuttle,* 24 N. H. (4 Foster) 9.

Upon the point that the verdict is against evidence, the evidence and documents referred to in the case have been submitted to us, and carefully examined, and it is not perceived that they add any thing material to the facts stated in the case.

It is insisted that the defendant was liable as a partner, because, knowing that a partnership had been formed in his name by his agent, he did not object; and because he acted as a partner, and because he was in fact a partner.

The jury were instructed that if the defendant, knowing a partnership had been formed by his agent, assented to it; or if he held himself out to the public, or to the plaintiff, as a partner, he was liable as such. It is urged that though the instructions to the jury were correct statements of unquestioned legal principles, yet they were not suitable to the case, in the state of the evidence in which it was presented to the jury. The testimony, it is said, was uncontradicted and unimpeached, and the facts given in the evidence should have been assumed to be true; and the charge should have related to the effect of those facts, as they applied to the other circumstances of the case, instead of leaving the whole matter to the jury. It was said if Boynton, knowing that a partnership had been formed in his name, by his agent, afterwards assented to it, he would be chargeable. It is contended the charge should have been, that, if knowing what had been done, he did not dissent, if he was silent, and did nothing relative to it, he would be bound.

We think the principle clearly settled by the authorities, that when a principal is informed of what has been done

by his agent, in his name, though he may have acted without or contrary to his instructions, or beyond the strict limits of his authority, he must dissent, or give notice within a reasonable time; and if he does not, his assent and ratification should be presumed. Paley's Agency 171; 2 Kent's Com. 616; 1 Liv. Pr. & Ag. 396; *Benedict* v. *Smith*, 10 Paige 127; *Cairnes* v. *Bleeker*, 12 Johns. 300; *Richmond Co.* v. *Starks*, 4 Mass. 296; *Vianna* v. *Barclay*, 3 Cowen 281; Broom's Maxims 676, &c.; *Copeland* v. *Mer. In. Co.*, 6 Pick. 203; *Hatch* v. *Taylor*, 10 N. H. 538. And in the same manner a person who knows that his name is used by another person as a partner, without his consent, should publicly disclaim the connection; otherwise his acquiescence will be inferred. *Young* v. *Axtell*, in *Waugh* v. *Carver*, 2 H. B. 242; *Exparte Mathews*, 2 V. & B. 125; *Guidon* v. *Robson*, 2 Camp. 302; *Hoare* v. *Dawes*, Doug. 371; 3 Kent's Com. 31; *Hosketh* v. *Blanchard*, 4 East 144; *Hicks* v. *Cram*, 17 Vt., 2 Wash. 454. The case of *Burritt's Survivors* v. *Kench*, 4 McLean 325, is much like the present case. It was there held that if one, authorized to act as agent, associate with himself a partner, and the firm act for a long time as agent, with the knowledge and without the dissent of the principal, he is bound by their contracts. The case of *Brigham* v. *Peters*, 1 Gray 139, is an authority directly to the point that the instructions given in this case, though in themselves correct, were not such as might properly have been given upon the evidence, because they did not fully meet the case, and were not as favorable to the plaintiff as they should have been. See *Pierce* v. *Whitney*, 22 Me., 9 Shep. 113; *Newton* v. *Pope*, 1 Cowen 110.

But though the instructions were not as full or as favorable to the plaintiff as they might properly have been, yet we think this does not furnish a cause for setting aside the verdict. In the case of *Moore* v. *Ross*, 11 N. H. 557, the principle to be applied in such cases was considered;

and the court say : If the party desire an instruction of the court upon any particular point, or that the court should give certain views of the law to the jury, and the judge omit so to instruct the jury, the proper course is for the party to move the court so to instruct; and if the court decline, he may then take the exception. But he should not lie by until after the trial, and then take the exception, when it is too late to supply the omission. See authorities there cited, and *Selleck* v. *Turnpike Co.*, 13 Com. 453 ; *Cole* v. *Taylor*, 2 N. J. 59. Here it does not appear that any instruction was requested, or that the view now insisted upon was taken by the counsel for the plaintiff.

The court will not set aside a verdict, as against evidence, where the credibility of witnesses is to be considered, presumptions are to be made, and inferences to be drawn, and where the nature of the evidence is such that different persons might reasonably have different impressions concerning it; though they might have arrived at a result different from that found by the jury. *Wendell* v. *Safford*, 12 N. H. 171 ; *Lisbon* v. *Bath*, 23 N. H. (3 Foster) ; *Gould* v. *White*, 26 N. H. (6 Foster) 178.

*Judgment on the verdict.*