Aug. 11, 1876.                  McINTIRE *v.* PLAISTED.

*Dogs, injuries from—Cattle, trespasses by.*

The plaintiff's cattle escaped from his land to land of the defendant, through a defect in the fence, of which there had been no division binding upon the parties. The defendant set his dog upon them while upon his land, and one of them, in escaping, fell and was injured, so that the plaintiff was obliged to kill her. The jury were instructed that, if the plaintiff's cattle, at the time when the injury complained of occurred, were trespassing, the defendant would not be liable. *Held*, that there was error in the instructions. *Held*, also, that it was for the jury to determine whether what the defendant did was done in the reasonable and necessary defence of his property.

FROM Coös CIRCUIT COURT.

CASE, to recover damages for injuries to the plaintiff's cow, done by a dog owned or in the possession of the defendant.

The evidence tended to show that at the time the injuries complained of occurred, the plaintiff was the owner of a farm adjoining the farm formerly owned by the father of the defendant ; that the line fence between the same had been divided by parol, and, during the lifetime of the defendant's father, had been lived up to for a long series of years —some eighteen or twenty ; that in August, prior to the happening of the injuries complained of, the defendant's father died ; that the defendant and his mother remained in the occupation of the premises, the same belonging to the heirs of the defendant's father, of whom the defendant was one ; that there was no other than a parol division of the fence ; that on the day in question the plaintiff's cattle, and among · them the cow which was injured, passed from his land on to land belonging to said heirs, through that part of the fence which, up to the time of his death, had been maintained and kept in repair by the defendant's father ; that the defendant was at work in the same field digging potatoes, and, seeing the plaintiff's cattle there, he set his dog upon them to drive them out, and in doing so the cow in question, in passing over the fence into the plaintiff's field, fell, and was injured to such an extent that the plaintiff was obliged to kill her.

The plaintiff requested the court to instruct the jury, (1) that if his cattle got on to the defendant's land by reason of the insufficiency of the defendant's fence, he, the plaintiff, would not be in fault, and was entitled to recover; (2) that a division of fence agreed upon, and lived up to by Joshua Plaisted, the defendant's father, would be binding upon all those in possession of and acting for the estate of Joshua Plaisted.

The court declined to give the above instructions as requested, but did instruct the jurors, among other things, that a parol division of the fence by the parties, lived up and assented to, would be binding upon the parties who made it while they remained in possession ; but that after the death of either of the parties to such a division it would be revoked, and no longer binding, and each party must keep his cattle on his own land at his peril ; that if the plaintiff's cattle, at the time when the injury complained of occurred, were trespassing, the defendant would not be liable ; that if there was a valid and binding division of the fence, so far as the parties to this suit were concerned, and if the plaintiff's cattle went over fence which the defendant was bound to repair, that would not relieve them from being trespassers ; that although the defendant could not maintain any action against the plaintiff for the damage done by them upon his land, still the plaintiff was not relieved from his duty to keep his cattle on his own land ; that they are none the less trespassers because the defendant could maintain no action, and could not recover damages for the trespass.

To the refusal to instruct, and the instructions given, the plaintiff excepted.

The jury having returned a verdict for the defendant, the plaintiff

moved to set it aside, and for a new trial, for supposed error in the foregoing rulings and instructions. In answer to a question submitted to the jury by the court, they found that the injury was caused by the dog.

The questions of law arising on the foregoing case were transferred to this court by STANLEY, J., C. C.

*Ray & Drew*, for the plaintiff.

*Burns & Heywood*, for the defendant.

CUSHING, C. J.    The usual form of action, to recover damages for injuries done to land by the defendant's cattle, is trespass; and the ordinary form of declaration is, that the defendant by his cattle broke and entered the plaintiff's close, depastured the same, and trod down the herbage, &c.    If the defendant, by his neglect, suffer his cattle to be on his neighbor's soil, he is treated by the law as an active trespasser.    3 Bl. Com. 211.    "A man is answerable for not only his own trespass, but that of his cattle also; for if by his negligent keeping they stray upon the land of another (and much more if he permits or drives them on), and they there tread down his neighbor's herbage and spoil his corn or his trees, this is a trespass for which the owner must answer in damages."    *Tewksbury* v. *Bucklin*, 7 N. H. 518; *Noyes* v. *Colby*, 30 N. H. 143.    This being so, if in this case the cow was unlawfully on the defendant's land, and the defendant's dog, of his own mere motion and without any action of the defendant, injured her, I should think that the exception in the statute would apply, and it would be held that the plaintiff received the injury "while engaged in the commission of a trespass."

This, however, is not such a case.    Here the defendant was an actor, and he might justly be said to have done the injury by means of his dog; so that the question arises, whether the act done was done in the reasonable and necessary defence of his property.

The case finds that the defendant set his dog on to the plaintiff's cow, and that thereby the cow, in escaping from the dog, was so injured that she had to be killed.    She was not injured by the dog, but by the fall occasioned by her attempt to jump the fence in escaping from him. Was the dog the proximate cause of the injury?    This would depend upon the question whether the attempt of the cow to get over the fence, and the fall and consequent injury, were consequences which a reasonably careful and prudent man ought to have expected to ensue from such use of his dog.    It was a question of fact for the jury, and the jury has found that the dog was the proximate cause of the injury. The dog having been the proximate cause, was it reasonably necessary that the defendant, in protecting his property, should use the dog as he did?    I cannot see that it makes any difference whether the cow was in the defendant's lot through his or the plaintiff's fault. In either case, the defendant must drive her out in a reasonable and proper manner.

I have noticed nothing in the case or in the charge of the judge

which looks to two counts, but in the opening of the charge I find the following words: "The plaintiff says that he was the owner of a certain heifer or cow; that the defendant was in the possession or the owner of a certain dog, and that the defendant, by means of his dog, caused an injury to his (the plaintiff's) heifer, whereby she was totally destroyed; that he lost the whole value of the heifer; that she was injured to such an extent that he was obliged to kill her."

It is apparent from this that the claim was, as stated by the court, that the defendant caused the death of the heifer, using the dog for that purpose as he might have used an axe or a gun. The case finds that the evidence tended to show that the defendant set the dog on the heifer, and the inference is strong that the dog would not have meddled with the cow if it had not been for the action of the defendant; and it is evident that on this state of facts it was quite immaterial, whether he owned or possessed the dog or not. It was enough that, the dog being in the vicinity, he was able to induce him to attack the cow, and in such circumstances the statute was quite immaterial. The question was, whether, the heifer being on the defendant's land and damaging his property, the defendant's action was justifiable in its necessary defence.

I do not think the statute was at all intended to apply to such case. As the law was before the statute, if a dog, of his own motion, without the intervention of human volition, did damage, it was necessary to allege and prove that he was dangerous, and that the person responsible as owner knew it. This necessity often occasioned great embarrassment, and deprived the party of a remedy which he ought to have had. I suppose the object of the statute was to remedy this inconvenience, and to enable parties to recover for injury done to their property by dogs, without the necessity of making such allegation and proof.

But I apprehend that in a case like this the common law would always have given the injured party his remedy, without any reference to the ownership or keeping of the dog, provided the defendant made such unlawful use of him. Such being the state of the law and of the facts, and the allegation as described in the charge, it was clearly wrong to instruct the jury that if the heifer was trespassing, the defendant was not liable.

In *Wright* v. *Boynton*, 37 N. H. 9, and *Hooksett* v. *Amoskeag Co.*, 44 N. H. 105, it was held that where the charge was correct in law, but not so specific as would have been proper, the verdict would not have been set aside unless the specific instructions were requested. But here was a charge which, in its application of the facts stated in the case, seems to have been entirely wrong; and I have met with no case which makes it necessary for the party under such circumstances to request specific instructions.

Under all the circumstances, I cannot think that this verdict ought to stand.

SMITH, J. It appeared, at the argument of this case, that the plain-

tiff, during the trial, obtained leave to amend by inserting an additional count in the declaration to recover at common law for injuries to his cow by the defendant's dog.

Among the instructions to the jury were these: "That if the plaintiff's cattle, at the time when the injury complained of occurred, were trespassing, the defendant would not be liable." These instructions, whether applied to either count, were clearly wrong. It makes no difference whether or not the plaintiff's cow was trespassing upon the defendant's field : the latter could only use such means as were necessary and reasonable to drive her out of his premises. The statute exempts the owner from liability for injuries done by his dog to a party while engaged in the commission of a trespass. If the dog, of his own motion, and without any agency on the part of the defendant, had attacked the plaintiff's cow while trespassing upon his field, the defendant would not, under the statute, have been liable ; but it was altogether a different matter when the defendant caused his dog to inflict injuries upon the trespassing cow. The statute does not permit any such thing, and it is only excusable when done in defence of one's self or of his property.

LADD, J., concurred.

A new trial granted.