LARRABEE *versus* LARRABEE.

The Rev. Stat. ch. 121, sec. 33, exempts from the operation of a judgment for partition of land, any person who did not *appear* and *answer* to the petition upon which the partition was ordered.

The name of an attorney, placed "*for special purpose,*" under the name of a respondent in the docket entry of such a petition, does not constitute either an *answer* or an *appearance*, within the meaning of that section of the statute.

ON REPORT from *Nisi Prius,* WELLS, J.

Larrabee *v.* Larrabee.

WRIT OF ENTRY on the demandant's own seizin. General issue pleaded.

The tenant offered to prove *that* he and one Dakin and this demandant were tenants in common of land, which *included* the demanded premises; *that* he and Dakin presented a petition for partition, upon which notice to this demandant was ordered, returnable at the October term; *that*, at that term, Messrs. Sawyer & Gilbert, attorneys of the Court, entered their names on the docket, under the action, in the form as follows: "*Sawyer & Gilbert, for special purpose;*" and *that*, at the same term, this demandant was defaulted, and commissioners to make partition were appointed, by whose report, (accepted at a subsequent term,) the demanded premises were set off to this tenant. The record, the docket, the petition and all the papers connected therewith, were referred to as evidence.

The Judge ruled that, by these proceedings, the demandant was estopped to deny the tenant's title. The case was then taken from the jury, and that queston was reserved for the consideration of the whole Court.

The R. S. chap. 121, sect. 33, provides, that if "any person who has not appeared and answered to the petition for partition, shall claim to hold in severalty the premises described therein, or any part thereof, he shall not be precluded by the judgment for partition."

*Gilbert*, for the demandant.

*Tallman*, for the tenant.

TENNEY J. The parties agreed if the Judge erred in the ruling, that the demandant was estopped by the petition for partition, and the proceedings under it, to deny the tenant's title, and that the petition was conclusive and binding upon the demandant, the case is to be submitted to a jury. The decision which we make upon this point, will render a consideration of other questions raised at the trial unimportant.

When the petition was pending in court, the demandant being respondent therein, her counsel placed their name upon

the docket under hers, with the words added "for special purpose." Is it legally proved by this fact, that the demandant "appeared and answered to the petition for partition" within the meaning of the provision of the Revised Statutes, chap. 121, sect. 33?

In common parlance, "appearing" for a defendant in an action or suit is sometimes regarded as nearly synonymous with "answering" thereto. This loose use of the terms may have arisen from the fact, that a general appearance in such a case is entered for the purpose of answering to the claim of the plaintiff in a manner which will entitle the party in all respects to be heard upon the matters involved in the suit; and hence one is treated as the other. But when the terms are tested by their precise meaning, as given by lexicographers, or as used in judicial proceedings, a broader signification was intended by the legislature. The word "appearance" has the signification in Webster's dictionary, of "being present in Court," and in the same dictionary, the term "answer" has given to it the definition, "In law, a counter statement of facts, in a course of pleading; a confutation of what the other party has alleged," and when an "answer" is spoken of in legal proceedings, in civil cases, it generally implies something, which is written. And we cannot suppose that the legislature would make use in the statute of the words "appeared" and "answered," if it were the intention merely to repeat the idea conveyed by one.

In this instance, we may also seek for the meaning of the statute, by comparing it with the principles of evidence generally. It is a well settled rule, that whatever is to operate upon the title to real estate, cannot be proved by parol; something more certain, and less liable to change and to loss is required. When title to land is involved in a suit or petition in court, the record of the process, the issues made up, and the judgment rendered are the only proper evidence of such facts. The record of the defendant's petition for partition, and the proceedings, and the judgment for partition, and the final judgment therein, are made parts of this case; and on an examination, there is noth-

ing which shows that the demandant pleaded to the petition, or that she answered, or in any manner appeared. There is, therefore, no evidence in the case arising from the petition for partition, and the judgment under it, which precludes the demandant from asserting her rights in this suit.

*Action to stand for trial.*