## MOONEY ET AL. *v.* MUSSER ET AL.

FACTOR.—*Right of Factor to Sell Goods where Advances Have Been Made.*—Where goods were consigned to a factor for sale, without instructions as to the price for which they were to be sold, and the factor advanced money to the consignor to an amount greater than the value of the goods, and, after such advances, the consignor instructed the factor not to sell for less than a certain price, as he could do better by having the goods returned, and the factor thereupon informed the consignor that the goods had not been sold, and that it was doubtful whether they could be sold at the price fixed, and that he would await further instructions, stating that if the consignor wished to remove the goods, an account of the advances would be rendered, and the amount could be remitted at the time the goods were ordered to be removed, to which the consignor made no response;

*Held,* that, after the lapse of a reasonable time, the factor might sell the goods for the best price he could get in the market.

From the Marion Civil Circuit Court.

*J. E. McDonald* and *J. M. Butler,* for appellants.

*G. H. Chapman* and *U. J. Hammond,* for appellees.

PETTIT, J.—This case has been here before, 34 Ind. 373, and the parties were then before this court as they are now.

The appellees brought suit against the appellants, to recover a balance upon an account stated, which it was

alleged had accrued to them as factors and consignees of the appellants, for advancements made upon certain large quantities of leather consigned to them by the appellants for sale. The appellants answered, by way of counter-claim, in substance, as follows : That the plaintiffs were acting as factors of the defendants, and as such had in their possession a large quantity of the defendants' leather, to wit, twelve thousand pounds, and of the value of four thousand dollars; and that before that time the plaintiffs had been instructed by the defendants not to sell said leather for less than thirty cents per pound over and above all costs and charges, but that in violation of such instructions, they sold the same for thirty cents per pound, subject to all costs and charges; wherefore the price of the leather was reduced to twenty cents per pound above costs and charges; and the defendants claimed damages in the sum of one thousand two hundred dollars, which they set up as a counter-claim, and asked judgment, etc.

To this counter-claim this reply was made.

"The plaintiffs, for a further reply to the second paragraph of defendants' answer, say that between the 12th day of September, 1864, and the 17th day of October, 1864, both days inclusive, they were factors and commission merchants, residing and doing business in the city of Philadelphia, State of Pennsylvania, and that about and between said times, the defendants made divers consignments to them as such factors and commission merchants of leather to a large amount, to wit, to the amount of one thousand six hundred and eighty-eight sides, weighing twenty thousand four hundred and fifty-four and one-half pounds, or thereabouts ; that the said leather so consigned to the plaintiffs by the defendants was not accompanied by nor subject to any instructions from the said defendants to the said plaintiffs, as to the price for which the said leather, or any part thereof, was to be or should be sold, nor was there any limit whatever fixed by the defendants to govern or in any way affect the price at which the plaintiffs as such factors, etc., might or could sell such leather, or any part

thereof, nor was there any agreement between the defendants and plaintiffs that the defendants should control the sale of said leather or any part thereof; that at the time of and before said consignments, and in the absence of any such instructions, and of any such limits as to price, and of any such agreement, the plaintiffs became and were under advances to the defendants in respect of said consignments of leather to a large sum, to wit, in the sum of eight thousand dollars, which said advances the plaintiffs had come under by reason of their having accepted and paid divers bills of exchange for the defendants, drawn by them against and on the security of the said leather; that afterward, to wit, on the 20th day of June, 1865, while there was a large portion of said advances due from the defendants to the plaintiffs, to wit, the sum of three thousand six hundred and forty-three dollars and twenty cents, and there remained in the hands of the plaintiffs unsold, about eleven thousand nine hundred and thirty-one and one-half pounds of said leather, in and upon which the plaintiffs had an interest and a lien for said sum, and at a time before the committing by the said plaintiffs of any of the pretended breaches alleged in the said second paragraph of the defendants' answer, the defendants for the first time made known their wishes to the plaintiffs in a letter of that date, in which they used the following language, to wit: 'We would say that unless you can effect sales of what remains unsold, so as to net us thirty cents or over, don't do so without our instructions, as we can do better by having it returned to us;' that afterward, to wit, on the 22d day of June, 1865, the plaintiffs, by way of answer to said letter, wrote to the defendants a letter, in which they used the following language in response to said language so used in said defendants' letter, to wit: 'There has been no more of your leather sold, and it is doubtful whether we can sell your leather now to net you thirty cents. We shall await your further instructions. If you wish to remove the leather, we will make out your account, and you can remit when you order the leather to be removed;' That the defend-

ants did not regard said letter of plaintiffs, in which said language was used, and did not communicate in any way with the plaintiffs, and did not offer to pay to the plaintiffs the balance of said advances or to remove said leather; that afterward, to wit, on the 21st day of August, 1865, when a reasonable time had elapsed, the plaintiffs, relying upon their authority to sell said unsold leather and realize against said balance of the advances, did sell the same at the best and highest price that could then be obtained for the same in the market, as well for the benefit of the defendants as for the purpose of reimbursing and repaying the said balance of advances, and with the money produced by said sale, being a less amount than the amount of said balance of advances, did then repay and reimburse themselves so much of said balance of advances as the said money was sufficient to pay and reimburse; and after giving the defendants credit for the sum of three thousand four hundred dollars and forty-eight cents, the proceeds under said sale, less the plaintiffs' commission, one hundred and seventy-eight dollars and ninety-seven cents, there still remained due to the plaintiffs the sum of two hundred and forty-two dollars and seventy-two cents; for which sum the defendants are indebted to the plaintiffs, and the payment of which the plaintiffs demanded of the defendants, on the 22d day of August, 1865, and which was refused and still is refused; wherefore they pray judgment, as in their complaint prayed."

To this reply a demurrer for want of sufficient facts was overruled, and exception taken.

It is admitted by the counsel of both parties, that the only question presented by the record, and that we are asked to determine, is as to the sufficiency of this reply. This reply shows that in and before October, 1864, large consignments of goods had been made by the appellants to the appellees as factors, without any instructions, and that the factors had advanced large sums of money to the consignors on the goods, greater than their value. While matters stood thus, in June, 1865, the appellants wrote to the appellees, " We

Mooney *et al.* v. Musser *et al.*

would say that unless you can effect sales of what remains unsold, so as to net us thirty cents or over, don't do so without our instructions, as we can do better by having it returned to us." To which the appellees replied, "There has been no more of your leather sold, and it is doubtful whether we can sell your leather now to net you thirty cents. We shall await your further instructions. If you wish to remove the leather, we will make out your account, and you can remit when you order the leather to be removed." No reply was made to this letter; no offer to pay the money advanced was made to prevent the sale of the goods to repay the money advanced; and on 21st day of August, 1865, the remnant of the goods was sold for full value by the factors, and the proceeds applied to the payment of advancements made by them.

In such a case as this, the law and reason thereof is that the factor had a right to sell the goods for the best price he could get in the market. In *Brown* v. *M'Gran*, 14 Pet. 479, all the questions arising in this case are fully discussed, argued, and decided by the United States Supreme Court, in an able and elaborate opinion delivered by the late and learned Judge STORY, and with which we fully concur.

Counsel for appellants have cited for our consideration *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436; *Marfield* v. *Goodhue*, 3 N. Y. 62; *Blot* v. *Boiceau*, 3 N. Y. 78. We have carefully considered these cases, and we can not see that they conflict with the case above cited from 14 Peters, when applied to the facts as pleaded in this case. We hold that the reply was good, and that there was no error in overruling the demurrer to it.

The judgment is affirmed, at the costs of the appellants.