WILMER W. DAVIS *vs.* MARCUS KOBE.

December 17, 1886.

Factors—Storage of Wheat in Mass in Elevator.—A factor, to whom wheat is consigned for storage in an elevator and for sale, may, in the absence of particular instructions, store it in a mass with other wheat of the same grade and quality.

Same—Liability for Difference in Grades in Different Markets. — A factor is not responsible to his principal by reason of the established grades of grain being different in the market where he is to sell from the grades at other places.

Same—Sale to Pay Advances, when Allowed against Principal's Orders.—Where a factor has made large advances to his principal upon the property consigned for sale, and the property becomes doubtful security for his reimbursement, and the principal refuses or neglects to comply

with his reasonable demands to repay or secure him for such advances,. the factor may, after reasonable notice to his principal, in good faith, and with reasonable discretion, sell the property, although directed by the principal to hold it longer.

Plaintiff brought this action in the district court for Morrison county, to recover a balance of account for disbursements, charges, commissions and advances, on wheat consigned by defendant to plaintiff at Duluth in this state, and which had been sold by plaintiff, some of it against defendant's instructions. The nature of the defence appears in the opinion. At the trial before *Collins*, J., the plaintiff had a verdict; a new trial was refused, and the defendant appealed.

*Bruckart & Reynolds*, for appellant.

*Wm. W. Billson*, for respondent.

DICKINSON, J. A factor or commission merchant, to whom wheat is consigned for storage in an elevator, not a private warehouse, and for sale, may store it in a mass in a bin with other wheat of the same grade and quality, in the absence of instructions from the consignor to the contrary. It has become a matter of common knowledge that such is the customary manner of storing wheat in our general commercial elevators, and of this the courts should not affect ignorance, but should take judicial notice without proof. The fact that the wheat is of the grade known as "condemned," creates no exception to the rule. There was therefore no error in that part of the charge of the court referred to in the appellant's first assignment.

The court did not err in instructing the jury that if the consignor shipped this grain to his factor at Duluth to be sold there, and the grade at Duluth was not as good as at the place of shipment, the consignor must bear the loss, in the absence of special instructions to his factor. This was only saying, in other words, that the factor, in executing his agency by selling in the Duluth market, would not be responsible to his principal in respect to the grades established at that place. The principal assumed the risk of that when he selected his market.

The court properly instructed the jury that the factor was justified in selling the wheat, notwithstanding the request of the principal to

hold it longer. Ordinarily, the agent would be bound to obey the instructions of his principal as to the time of selling. But it was shown that the factor had made large advances to his principal upon this wheat; that the grain was of doubtful sufficiency as security for what was due to the factor on account thereof; that the factor had repeatedly demanded repayment of his advances, or security for the same, as a condition of his continuing to hold the wheat, notifying his principal that he should sell if his demand was not complied with; and that, although reasonable notice had been given, the principal had neglected to reimburse or secure the agent. Under such circumstances, the factor had a right, acting in good faith, and with reasonable discretion, with regard both to the reimbursement of himself and the interest of his principal, to sell the property. *Brown* v. *Mc-Gran*, 14 Pet. 479; *Feild* v. *Farrington*, 10 Wall. 141; *Parker* v. *Brancker*, 22 Pick. 40.

From what has already been said, it follows that the charge was correct that if there were no special instructions as to a separate storage of the grain, and if it sold for a fair price, the verdict should be for the plaintiff. In other words, the factor, being justified in selling and having sold, for a fair price, the principal is not, because of such sale, entitled to recover against the factor.

Order affirmed.