Filed March 14, 1893.

------

No. 765.

## BROWER ET AL. *v.* NELLIS ET AL.

PLEADING.— *Recoupment.— Counterclaim. — Matter that May be Pleaded as Either.—Defendant May Elect.—*Where the same matter may be pleaded by way of recoupment or by way of counterclaim, the defendant has the right to elect which he will plead.

SAME.—*Counterclaim.— When Rightfully Pleaded.—*In order that a counterclaim may be rightfully interposed, there must be some legal or equitable connection between it and the complaint.

SAME.—*Right to Plead Counterclaim.—*Where the plaintiff brings before the court a subject-matter of controversy in which the defendant has rights which can only be secured by asking affirmative relief, he may file a counterclaim, and this right to plead does not depend alone on the allegations of the complaint or the contract relations of the parties.

SAME.—*Matters ex Contractu and ex Delicto.— When One May be Pleaded Against the Other.—*Matters *ex delicto* may be pleaded to matters *ex delicto,* and matters *ex contractu* to matters *ex contractu,* but matters *ex delicto* can not be pleaded to matters *ex contractu,* and *vice versa,* unless it appears that the matters stated in the complaint and the counterclaim arose out of the same transaction, and are related to the subject of controversy.

SAME.—*Merger of Account Into Judgment.—Right to Plead Counterclaim to Judgment.—*The merger of an account into a judgment does not preclude the defendant from pleading a counterclaim to an action on the judgment.

SAME.—*Each Pleading Must be Sufficient of Itself.—Rule as to Set-off.—*A pleading must be complete within itself without aid by reference to other pleadings, and the same rule applies to set-offs as to complaints.

Brower *et al. v.* Nellis *et al.*

SAME.—*Joint Contract.—Death of Party.—Set-Off.—Necessary Averments.—* In an action against the joint makers of a contract, an answer by way of set-off is invalid, where one of the joint makers has died, which does not aver the death of such joint maker.

PARTIES.—*Misjoinder of Parties Defendant.—Demurrer.*—In an action on a joint contract, all the joint makers must be made parties defendant, and a failure to so join them is cause for demurrer for misjoinder of parties.

CONTRACT.—*Joint.—Death of One Party.—Interest Vests in the Other.*—A joint contract is an entirety, and if one of the parties to it dies, the whole interest vests in the survivor:

SAME.—*Merger of Simple into one of Record.—Judgment.— What Defenses Cut off.*—Where a simple contract has been merged into a contract of record by judgment of a court of competent jurisdiction, all defenses that might have been interposed to the original action are conclusively shut off.

WARRANTY.—*General.— Breach of.— Necessary Averment.—Motion to Make Specific.*—A general warranty may be met by a general averment of its breach, and if the opposite party wishes to be informed of the particulars of the breach, his remedy is by motion to make more specific.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *S. C. Kennedy*, for appellants.

*J. Wright* and *J. M. Seller*, for appellees.

LOTZ, J.—The appellees sued the appellants on a judgment obtained against the appellants, and one George S. Brower. The judgment was rendered by the Circuit Court of Montgomery county, in the month of February, 1875. The complaint alleges that after the rendition of the judgment the said George S. Brower died, and that his estate is insolvent. Neither his personal representatives nor his heirs are made parties. No demurrer to the complaint was filed. Appellants filed a pleading which their counsel denominate an answer of set-off. In it the appellants allege that in the year of 1874 they and one George S. Brower, named in the complaint, were doing business in partnership, in the city of Crawfordsville, Indiana, as retail dealers in farming implements and farming machinery, and that the plaintiffs then and there sold to the defendants and said George S. Brower, as such dealers, a large number of corn cultivators, to be used in the cultivation of growing corn,

and that said plaintiffs then and there, as a part of the terms of such sale, warranted that such cultivators were of an improved pattern, were well made, of good and substantial material, and would cultivate young corn in a very superior manner, and better than any other kind of cultivator then in use; that the defendants received said cultivators too late to be used and tested in the year of 1874, and that the same could not be and were not used and tested until the summer of 1875, and after the judgment sued on had been rendered; that the judgment sued on was rendered on an account for said lot of cultivators, and on no other cause of action; that said cultivators were not of an improved pattern, and were not made of good material; that when tested and used by competent persons, they proved to be and were utterly worthless for any purpose whatever when sold to the defendants; that the plaintiffs are now, and have been continuously since the year of 1870, non-residents of the State of Indiana; that defendants have been damaged by the breach of said warranty in the sum of $500, which they ask may be set off against any sum that may be found due the plaintiffs.

The appellees demurred to this pleading, assigning as the only cause that it does not state facts sufficient to constitute a defense to plaintiffs' cause of action. The court sustained the demurrer. This is the error complained of in this court.

Counsel for appellants contend that this pleading is a set-off, while counsel for appellees assert that it is an answer in bar of the plaintiffs' right of recovery. It becomes important to determine the character of this pleading. Is it an answer, a counter-claim, or set-off? Some confusion has arisen as to the meaning of the words "answer" and "defense," "counter-claim" and "set-off," as used in our code. This confusion is due, in a measure, to the fact that there is an attempt to blend in one system the chancery and common law procedure. By section 347, R. S. 1881,

counterclaim and a set-off are classified as answers and defenses. The code borrowed certain terms from the two systems, common law and chancery. The meaning of these terms in their respective systems will aid in reaching a correct understanding as used in the code.

When a person was sued in a court of law, the object of the action was to obtain the judgment of the court affecting either his rights of person or property. If he attempted to resist or ward off the attack he was called a defendant, and the means he used to ward it off his defense. Originally the word defense, as used in common law courts, meant simply a denial of the truth of the declaration or complaint. 3 Blackstone's Commentaries, 296; Chitty's Pleading, 428. But now it means that which is offered by a defendant as sufficient to defeat the complaint by denying, justifying, or confessing and avoiding the action. The person sued could defend by demurrer or by interposing matter of fact.

If by matter of fact, he was said to plead, and such defense was called a plea. Stephen's Pleading, 82, 83.

At common law there was no such thing as a cross-action.

Mutual claims could not be set off one against the other. Set-off was unknown to the common law. It is a creation of statute. If the plaintiff was indebted to the defendant, he was compelled to bring a separate suit, or resort to a court of equity to have his claim set off. Waterman on Set-Off, section 10.

The defendant might, however, recoup or show that the plaintiff had not sustained damages to the extent claimed, and thus reduce or altogether defeat the plaintiff's recovery, but he could not recover judgment for the excess. Waterman on Set-Off, section 456.

The procedure in equity courts was materially different from the law courts. The forms were borrowed from the ecclesiastical courts. Story's Equity Pleadings, section 850.

The person against whom a bill in equity was exhibited was called the respondent. He might interpose his defense by demurrer, by plea, by answer, or by disclaimer. Mitford & Tyler's Pleadings and Practice in Equity, 202.

And when it became necessary to give full and complete relief to all the parties, the defendant might file a cross-bill, and such cross-bill was generally considered as a defense. Mitford & Tyler's Pleadings and Practice in Equity, 179.

It is in pursuance of the chancery practice that a counter-claim and a set-off are denominated answers and defenses by our statute. The adjudications, however, seem to have lost sight of this distinction, and they are now treated as cross-actions. *Wills* v. *Browning*, 96 Ind. 149 (152), and cases cited; *Branham* v. *Johnson*, 62 Ind. 259.

It is a matter of little importance what names are given to such pleadings, so long as their character and nature are understood, and the rules governing them defined. The counterclaim and set-off are now considered to be causes of action held by the defendant against the plaintiff, and, when pleaded, are governed by the same rules that govern the complaint. The cross-bill in chancery, and the cross-demands, or set-off, although denominated answers, were, in the chancery practice, governed by the same rules as the bill when exhibited. It is a convenient method to treat a counter-claim and a set-off as cross-actions, and when the meaning of the terms "answer" and "defense," as applied to them by our statute is understood, the confusion is dissipated.

The pleading in this case seeks to recover damages for the breach of a contract warranting the quality, the materials, and the superior manner in which corn cultivators would perform work. It presents something intimately connected and associated with the indebtedness arising in favor of the plaintiffs on account of the sale of the cultivators. Had the breach existed when the first suit was

brought on the account, it might have been pleaded as a defense, by way of recoupment. The breach might, also, have been pleaded by way of counterclaim. *Love* v. *Old-ham*, 22 Ind. 51; *Hillenbrand* v. *Stockman*, 123 Ind. 598.

It would seem from these authorities that when the same matter may be pleaded as an answer by way of recoupment, or by way of counterclaim, that the defendant has the right to elect. If he elect to treat the breach as a counterclaim, his failure to plead it as an answer by way of recoupment shall not bar him of his right to plead it as a counterclaim. It does not appear from the pleading in this case that the breach existed at the time judgment was rendered on the account.

When the plaintiff's claim was in the form of an account, it rested in simple contract. When the account or cause of action merged into a judgment, it became a contract of record. *Campbell* v. *Martin*, 87 Ind. 577; *Gould* v. *Hayden*, 63 Ind. 443; *Davidson* v. *Nebaker*, 21 Ind. 334.

In the process of evolution from the simple to the special, the original cause of action freed itself from many infirmities. As a debt of record, sanctioned by a court of competent jurisdiction, all defenses that could have been entertained, or might have been interposed to defeat the original action are conclusively cut off. A counterclaim is sometimes designated a " cross-complaint," although under our code its proper name is " counter-claim." It is the blending of the cross-bill of the chancery practice and of recoupment at common law.

It is an essential element of this pleading that it shall present matters for adjudication which, in some way, grow out of the subject-matter of the plaintiff's suit. The subject-matter of the complaint, and the subject-matter of the counterclaim must have some legal or equitable connection. *Standley* v. *Northwestern, etc., Life Ins. Co.*, 95 Ind. 254, and cases there cited.

The right to plead a counterclaim does not depend upon the allegations of the complaint alone, nor does it depend upon the contractual relations of the parties solely. If the plaintiff brings before the court a subject-matter of controversy in which the defendant has rights, and those rights can only be secured by asking affirmative relief, he may file a counterclaim. Matters *ex delicto* may be pleaded to matters *ex delicto*, and matters *ex contractu* to matters *ex contractu*, but matters *ex delicto* can not be pleaded to matters *ex contractu*, nor vice versa, unless it appear that the matter stated in the complaint and the counterclaim arose out of the same transaction, and such transaction relates to a contract of some kind between the parties. If the subject-matter be of that character in which the plaintiff may elect to proceed either in tort or contract, his election will not deprive the defendant of his right to plead his counterclaim, although tort and contract may be arrayed against each other in the same action. *Standley* v. *Northwestern, etc., Life Ins. Co., supra; Terre Haute, etc., R. R. Co.* v. *Pierce*, 95 Ind. 496.

To these general rules there are but few exceptions. Does the fact that the plaintiffs' original cause of action has been merged into a judgment, deprive the defendants of their right to plead their counterclaims? If, thirty days after the cultivators were sold, the defendants had executed their promissory note for the indebtedness, the account would have merged into the note. If suit had been brought on the note, no question of the defendants' right to plead their counterclaim could exist. We are not able to discover any difference between the hypothetical case and the case at bar. The note is of superior dignity to the account, and the judgment superior to the note, but in either case the defendants' claim for damages is connected with the subject-matter of the plaintiffs' action. The statute does not require a defendant, when sued, to plead his counterclaim, but if he omits to do so, he can

not thereafter maintain an action thereon against the plaintiff, except at his own costs.    Section 351, R. S. 1881.

If it be true that the pleading under consideration is an answer of set-off, then it is well settled that a set-off may be pleaded to a judgment.    *Bannister* v. *Jett*, 83 Ind. 129; *Hayes* v. *Boyer*, 59 Ind. 341.

The contract of warranty made between appellants and appellees, as inferred from the pleading, was a joint contract.    At common law, all the makers of a joint contract were required to be joined as parties defendants.    The failure to join any one was a cause of demurrer, if it appeared on the face of the complaint, and by plea in abatement, if it did not so appear.    The cause of such demurrer must be that of a defect of parties.    Our code has not changed this rule.    *Bledsoe* v. *Irvin*, 35 Ind. 293.

All parties united in interest must join as plaintiffs, or, if any refuse to join, they should be made defendants. The complaint did not join the heirs of George S. Brower, or his personal representatives if they were proper parties; nor does defendants' pleading, considered as a set-off, show mutuality, if the heirs or representatives of George S. Brower are necessary parties.    The averment of the complaint is that George S. Brower was dead at the time this action was commenced.    The defendants' pleading does not aver his death.    It says that " they and the said George S. Brower mentioned in the complaint were doing business as partners."    A set-off must contain all of the substantial averments necessary to make a complaint. *Johnson* v. *Tyler*, 1 Ind. App. 387.

It must contain the substance at least of a declaration, and the averments should be made with similar precision. Waterman on Set-Off, section 646.

A pleading must be complete within itself, without aid by reference to other pleadings.    *McCarnan* v. *Cochran*, 57 Ind. 166.

The sufficiency of the pleading as a set-off is doubtful without a direct averment of the death of George S. Brower, for there is a want of mutuality. It is an attempt to set off a debt due the defendants and another person, against the plaintiffs' cause of action, without averring any extrinsic equitable matter that will permit it to be done. A joint contract is an entirety. If one of the parties to it dies, the whole interest vests in the survivors. Our code has not changed this rule. *Indiana, etc., R. W. Co.* v. *Adamson*, 114 Ind. 282; Pomeroy's Rem., section 226.

Had there been an averment of the death of George S. Brower in the defendants' pleading, the want of mutuality would not exist, for the cause of action would survive in the other defendants alone. Without such an averment, if good in other respects, the pleading is bad as a set-off. But we construe the pleading to be a counterclaim, and, as a counterclaim, is it sufficient to withstand the demurrer? It is not open to the objection that it is barred by the statute of limitations. *Wood* v. *Bissell*, 108 Ind. 229.

Such objection must be taken by answer. Is the averment of the breach of the warranty sufficient? The warranties alleged are:

1. That the cultivators were of an improved pattern.
2. Were well made.
3. Were of good and substantial material; and,
4. Would cultivate young corn in a superior manner.

The general rule is that, in pleading the breach of a warranty, the breach should be specifically alleged. Where the warranty relates to the working of machinery, a test must be alleged, and it is not sufficient to say that the machine will not perform as warranted. *Lafayette, etc., Works* v. *Phillips*, 47 Ind. 259; *McClamrock* v. *Flint*, 101 Ind. 278; *Neidefer* v. *Chastain*, 71 Ind. 363.

We have some doubt whether or not the averment " that when they came to be tested and used by competent per-

sons," is equivalent to an averment that they were tested; but as to the material, the warranty was general, and when it is general, it is proper to state the breach generally, and it may be alleged in the negative of the words of the contract. *Leeper* v. *Shawman, Admr.,* 12 Ind. 463; *McCormick, etc., Co.* v. *Gray,* 100 Ind. 285; *Johnston, etc., Co.* v. *Bartley,* 81 Ind. 406; Puterbaugh's Pl. and Pr., 112; 1 Chitty's Pl., 291; 2 Chitty's Pl., 281, note; Saunder's Pl. and Ev., 216, 1226.

If the contract be broken, the law implies some damages. A motion to make more specific is the remedy when the opposite party wishes to be informed of the particulars of the breach. We think the demurrer to the pleading should have been overruled.

Judgment reversed, with instructions to overrule the demurrer to the counterclaim.

Filed March 14, 1893.