THE STORRS & HARRISON CO. v. FUSSELMAN.

[No. 2,836.   Filed November 21, 1899.]

PLEADING.—*Demurrer to Counterclaim.—Form of Demurrer.*—A demurrer to a counterclaim for the reason "that the same does not state facts sufficient to constitute a good counterclaim against the plaintiff" is improper ; the cause of demurrer should be that the pleading does not state facts sufficient to constitute a cause of action. *p. 294.*

APPEAL AND ERROR—*Overruling Joint Demurrer:—Practice.*—Available error cannot be predicated upon the action of the court in overruling a demurrer addressed jointly to two paragraphs of a pleading unless both paragraphs are demurrable for the cause assigned against them.  *pp. 295, 296.*

SAME.—*Record.*—Motions and instructions cannot be made a part of the record by order of court after the expiration of the time given to file bill of exceptions.  *pp. 296, 297.*

SAME.—*Assignment of Error.—Instructions.*—An assignment in a motion for a new trial on account of alleged error in giving instructions, directed jointly to a series of instructions, is not available on appeal unless all of the instructions in the series are bad.  *p. 297.*

SAME.—*Assignment of Error.—Motion for Judgment, Notwithstanding the General Verdict.*—An assignment that the court erred in overruling the appellant's motion for judgment on the interrogatories, notwithstanding the general verdict, is improper, under the provisions of §556 Burns 1894, that when the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly.  *p. 297.*

From the Huntington Circuit Court.  *Affirmed.*

*J. F. France, Z. T. Dungan, O. B. Jameson* and *F. A. Joss,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellee.

BLACK, J.—This was an action brought by the appellant against the appellee upon a promissory note for $670, on which were indorsed credits amounting to $550.40, the appellant being the payee, and the appellee the maker; and upon the trial of issues formed there was a verdict against the appellant on its complaint and in favor of the appellee for $300 upon a counterclaim.

The answer was in three paragraphs, the third being a counterclaim. The appellant demurred to the second and third paragraphs of the appellee's answer jointly, "for the reason that neither of said paragraphs contains facts sufficient to constitute a good cause of defense to plaintiff's cause of action." This demurrer having been overruled, the appellee, by leave of court, filed an amended third paragraph of answer, being a counterclaim. To this the appellant demurred, the body of the demurrer being as follows: "Comes now the plaintiff and demurs to the counterclaim of the defendant, for the reason that the same does not state facts sufficient to constitute a good counterclaim against the plaintiff."

In *Campbell* v. *Routt*, 42 Ind. 410, it was held that a demurrer to a counterclaim assigning that it did not "state facts enough for a counterclaim," stated a cause not known to the statute, and that the cause of demurrer should have been that the pleading did not state facts sufficient to constitute a cause of action. It was said that a demurrer to a complaint assigning for cause that it did not state facts sufficient for a complaint would be quite as appropriate as a demurrer to a counterclaim because it did not state facts enough for a counterclaim. See *Petty* v. *Board, etc.*, 70 Ind. 290, 296; *Thomas* v. *Goodwine*, 88 Ind. 458, 459; *Krathwohl* v. *Dawson*, 140 Ind. 1; *Campbell* v. *Campbell*, 121 Ind. 178; *Wade* v. *Huber*, 10 Ind. App. 417; *Branham* v. *Johnson*, 62 Ind. 259; *Grubbs* v. *King*, 117 Ind. 243; *Peden* v. *Mail*, 118 Ind. 556. Upon the authorities, the action of the court in overruling the demurrer to the amended counterclaim can not be regarded as erroneous.

A pleading cannot perform the double office of an answer in bar and a counterclaim. *Schee* v. *McQuilken*, 59 Ind. 269; *Wilson* v. *Carpenter*, 62 Ind. 495; *Blakely* v. *Boruff*, 71 Ind. 93.

In *Campbell* v. *Routt*, 42 Ind. 410, the opinion was expressed that no single pleading can be made to perform the

double function of alleging matter in bar of an action brought by one party, and at the same time of setting up a cause of action in favor of the other. It was said: "The statement of a defense to an action is one thing. The statement of a cause of action in favor of the defendant against the plaintiff in that action is another and very different thing. Whether the pleading in any given case is one thing or the other must be determined from the character of the pleading and the averments thereof, but it can not be both. Nor can it assume a protean character, and be one thing or the other as the varying circumstances in the progress of a cause may make it best subserve the interests of one or the other of the parties. If the pleading alleges facts arising out of, or connected with, the cause of action, as the foundation of a claim in favor of the defendant against the plaintiff, and claims a judgment for damages in favor of the defendant against the plaintiff, or for other affirmative relief, the pleading must be regarded as a counterclaim and nothing else."

The third paragraph of the appellee's answer, in its original condition as well as in its amended form, was a pleading which the case last cited, in the language above quoted, would require us to regard as "a counterclaim and nothing else."

A form of demurrer appropriate to an answer in bar would not be appropriate to the third paragraph of answer, but in the demurrer addressed to the second and third paragraphs jointly the single ground of demurrer was directed against both of the paragraphs, and if sufficient as against an answer in bar, it plainly was not sufficient as against a counterclaim. The demurrer being addressed to the second and third paragraphs jointly, we could not hold the overruling thereof to have been erroneous, unless we could pronounce both paragraphs demurrable for the cause assigned against both. The third paragraph was amended, and thereafter in the progress of the cause the amended paragraph, and not the original, was the counterclaim before the court

and jury. We need not determine whether or not we could examine the original paragraph with the purpose of inquiring as to its sufficiency when attacked by a demurrer sufficient in form to raise the question as to the sufficiency of both paragraphs. There was no available error in the overruling of the demurrers.

One of the specifications in the appellant's assignment of errors is, that the court erred "in overruling the motion in arrest of judgment;" but counsel have not pointed out such a motion in the transcript, and upon examination we fail to find such a motion in the record.

It is assigned that the court erred "in refusing to strike out Exhibit A to the counterclaim." This motion is not made a part of the record by bill of exceptions. It is claimed that it was brought into the record by order of court. The motion was overruled November 20, 1897, at the September term, 1897, of the court below, and the court then gave sixty days to file bill of exceptions. The final judgment was rendered later in the same term, and thereafter, at the same term, was filed a motion for a new trial, which was overruled at the January term, 1898, and the court gave ninety days for filing bill of exceptions. At the April term, 1898, as shown by the transcript in the form of an entry of the 14th of April, 1898, "on motion, all motions, interrogatories, instructions to the jury, and orders relating thereto and rulings of the court thereon, are ordered to be made a part of the record in this cause, without bill of exceptions, the instructions to the jury being in the words and figures following." Then follow a number of pages of instructions, after the end of which is an entry of the filing of the appeal bond. If refusing to strike out the exhibit could be available error, it is plainly manifest that the motion to strike out was not saved for our notice. And the same may be said of the instructions. If instructions may at any time be thus made part of the record, the court had lost control of the case for such purposes. If the instruc-

Storrs & Harrison Co. *v.* Fusselman.

tions could themselves be regarded as in the record, the exceptions noted at the ends of the instructions in the transcript are signed, not by the judge, but by the attorneys for the plaintiff.

In the motion of the appellant for a new trial, it was assigned as one of the causes that the court erred in giving to the jury "instructions asked by the defendant numbered one, two, three, three and one-half, four, five, six, seven, eight." It was not assigned as cause that the court erred in giving any instruction upon its own motion; therefore objection in argument to an instruction so given can not be noticed here. And if the instructions were in the record, we could not notice the argument directed to the giving of some of the instructions asked by the defendant, but not to all, the assignment of cause in the motion being directed, as shown above, to such instructions jointly. See *Harrod* v. *State ex rel.* (Ind. App.), 55 N. E. 242.

One of the specifications in the assignment of errors is that the court erred in overruling the appellant's motion for judgment "on the interrogatories," notwithstanding the general verdict. Counsel have not referred in their briefs to any place in the record where any motion for judgment may be found. The statute provides, §556 Burns 1894, §547 Horner 1897, that when "the special finding of facts" is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly.

If the motion were such as is designated in the assignment of error, it would not be in proper form; if it were materially different, the assignment of error would not apply to it. However, in the meager discussion in argument (which it would not be profitable to recite) of three of the interrogatories and the answers thereto, we could find no sufficient reason for disturbing the result reached in the court below. Judgment affirmed.