## DUFFY ET AL. *v.* ENGLAND.

[No. 22,084. Filed December 5, 1911.]

1. BROKERS.—*Advances.*—*Sales.*—*Liens.*—A complaint by a broker alleging that his principals shipped to him seven car loads of oats, that such oats were damaged, that plaintiff refused to accept sight drafts therefor, that defendants telegraphed to plaintiff to "handle" the oats, and if they had overdrawn, to make a draft on them, that plaintiff cared for the oats, made them marketable, submitted offers therefor to defendants, that he

notified defendants unless they paid a certain sum on account, he would sell the oats on defendants' account, that defendants failed to pay, that the plaintiff sold the oats and credited defendants' account with the proceeds, leaving a net balance due to him, for which he demanded judgment, is sufficient on demurrer.    p. 577.

2.    BROKERS.—*Advances.—Liens.—Sales.*—A broker who makes advances on the credit of goods consigned to him has a lien thereon for such advancements, and, after a reasonable notice, may sell the goods, or enough thereof, to satisfy the lien, though in so doing he violates his principal's instructions; and if the sale honestly made fails to bring the amount of the lien, he may sue his principals for the balance.    p. 579.

3.    APPEAL.—*Briefs.—Waiver.*—Points not discussed are waived.    p. 579.

4.    PLEADING.—*Answer.—Denial.—Confession and Avoidance.*—Sustaining a demurrer to an insufficient answer of confession and avoidance is harmless, though an argumentative general denial is included therein, the evident theory being that of confession and avoidance.    p. 579.

5.    SET-OFF AND COUNTERCLAIM.—*Distinction.*—A set-off is a counter demand growing out of a transaction not involved in plaintiff's complaint, and a counterclaim constitutes a counter demand arising out of the same transaction out of which the plaintiff's cause of action arises, neither set-off nor counterclaim being known to the common law.    pp. 582, 584.

6.    SET-OFF AND COUNTERCLAIM.—*Uses.*—An answer of set-off admits plaintiff's cause of action, but asks for a reduction thereof on account of an amount due from plaintiff to defendant because of some debt, duty, or contract; while a counterclaim is used, as a cross-bill in equity, or common-law recoupment, to reduce the plaintiff's recovery in the cause alleged in the complaint.    p. 582.

7.    PLEADING.—*Answer.—Counterclaim.*—An answer refutes the allegations in plaintiff's complaint, and, therefore, a pleading cannot be both an answer and a counterclaim, or an answer and a set-off.    p. 583.

8.    SET-OFF AND COUNTERCLAIM.—*Demurrer to.—Form of.*—A demurrer to a set-off, or to a counterclaim, must be in form the same as a demurrer to a complaint.    p. 583.

9.    PLEADING.—*Defective.—Defective Demurrers.*—Sustaining a defective demurrer to a defective pleading is harmless.    p. 584.

10.    SET-OFF AND COUNTERCLAIM.—*Counterclaim.—Sufficiency.*—A counterclaim to be sufficient must state a cause of action in favor of defendant without regard to plaintiff's complaint.    p. 585.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Charles England against Michael Duffy and

others. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Reversed.*

*Daniel Fraser, William Isham* and *William Darroch,* for appellants.

*Emory B. Sellers, Hume L. Sammons* and *Charles M. Snyder,* for appellee.

MORRIS, C. J.—Action by appellee against appellant on contract. A demurrer to the complaint, for insufficient facts, was overruled. Six paragraphs of answer were filed, to each of which plaintiff demurred. Before there was a ruling on the demurrers, defendants withdrew their first and third paragraphs. The court sustained plaintiff's demurrers to the remaining paragraphs. Defendants declined to plead further, and elected to stand on their remaining paragraphs of answer, and their exceptions to the action of the court in sustaining the demurrers thereto. Judgment was rendered for plaintiff for $555, from which this appeal is prosecuted.

The errors assigned here are the overruling of the demurrer to the complaint, and the sustaining of plaintiff's demurrer to each paragraph of answer.

The complaint avers that plaintiff was engaged in the business of selling grain, on commission, in the city of Baltimore, Maryland, under the name of Charles England & Co., and defendants were partners, doing business under the firm name of Duffy & Harrington, at Otterbein, Indiana, and engaged in buying and selling grain; that in August, 1907, defendants shipped several carloads of oats to Baltimore, billed to themselves, and attached to the bills of lading drafts on plaintiff, in the aggregate sum of $3,900, and forwarded them to a Baltimore bank; that plaintiff refused to honor the drafts, and thereupon, after negotiations between plaintiff and defendants, three of the drafts were

reduced in amount, and accepted and paid by plaintiff; but he refused to honor the other four, unless further reductions were made, because, as plaintiff informed defendants, the aggregate amount of the drafts exceeded the aggregate value of the oats; that thereupon defendants telegraphed to plaintiff to

"Handle seven cars. If we have overdrawn on you, make draft on us."

That on the receipt of this, plaintiff paid the remaining four drafts; that the aggregate amount paid on the seven drafts was $3,681.72, which sum was paid to defendants as an advancement or loan on the grain, until it could be sold, and was not paid as the purchase price of the oats; that plaintiff never purchased the oats, and never received them for any other purpose than to sell them on commission for the benefit of defendants.

It is alleged that when the oats arrived they were damp, musty, of light weight and stained, and were not marketable; that plaintiff caused them to be handled and dried, so that they could become graded and marketable; that from time to time thereafter plaintiff received various bids for the oats, which he submitted to defendants, but they refused to authorize plaintiff to sell the oats on the bids received. Plaintiff continued submitting to defendants bids received by him, until November 29, 1907, when he notified defendants that unless $500 was paid by December 3, 1907, he would proceed to sell said oats, for defendant's account and risk, on the open market at Baltimore; that said sum represented the excess of the amount paid on the drafts above the market value of the oats at that time; that defendants failed to pay the $500, or any part thereof, and on December 3, 1907, plaintiff did sell the oats for the highest price obtainable therefor; that the net proceeds of the sale amounted to $3,138.35. An itemized statement of the gross amount received at the sale, and the freight, inspection, in-

surance, storage, commission, etc.—expenses paid therefrom —are set forth in the complaint.

The complaint further alleges that plaintiff has paid on the drafts $542.37 more than the net proceeds of the sale, for which, together with interest, he demands judgment.

The complaint was sufficient to repel a demurrer.

2. A factor who has made advances on the credit of goods consigned to him for sale has a lien thereon for the sums advanced, and has the right to sell enough thereof to satisfy the lien, and, after the advancements are made, the factor is not bound to obey the subsequent instructions of his principal, as to the sale. And if the factor demands repayment of the sums advanced, and the principal refuses payment, he may, after reasonable notice, sell enough of the property to satisfy his lien, although in so doing he violates his principal's instructions. And if the sale is made in good faith, for the best price obtainable, and the proceeds thereof are not sufficient to satisfy the lien, the principal is liable for the amount of the deficit. *Mooney v. Musser* (1873), 45 Ind. 115; *Holderman* v. *Manier* (1885), 104 Ind. 118; *Johnson* v. *Clark* (1898), 20 Ind. App. 247; *Shaw* v. *Ferguson* (1881), 78 Ind. 547; *Brown* v. *McGran* (1840), 14 Pet. 479, 10 L. Ed. 550; *Davis* v. *Kobe* (1886), 36 Minn. 214, 30 N. W. 662, 1 Am. St. 663; 19 Cyc. 127.

3. Error, if any, in sustaining the demurrer to the fifth paragraph of answer, is waived by appellants failing properly to present it in the brief.

The fourth paragraph of answer is a plea in confession and avoidance, which also contains the allegation that defendants deny all the allegations of the complaint. As 4. a plea in confession and avoidance, the answer is not sufficient to repel a demurrer; but counsel for appellants say that, disregarding all other averments, the answer is good as a general denial.

A paragraph of answer, to be sufficient, must pursue a single, definite theory. It is to be judged by its general

scope and tenor. It cannot perform a double office. It cannot be good as a denial and also as a plea in confession and avoidance. *Racer* v. *State, ex rel.* (1892), 131 Ind. 393; *Nysewander* v. *Lowman* (1890), 124 Ind. 584, and cases cited.

The obvious theory of the pleading is that of confession and avoidance, and being insufficient on that theory, the court did not err in sustaining the demurrer.

The second paragraph of answer is pleaded as a set-off, and the sixth as a counterclaim. The ground of demurrer to each paragraph is that it does not state facts sufficient to constitute a cause of defense. Appellants' counsel earnestly contend that the court erred in sustaining the demurrer to each of said paragraphs.

The second paragraph alleges that on December 3, 1907, plaintiff converted to his own use approximately 8,000 bushels of oats owned by defendants, which were then of the value of seventy cents a bushel; that afterwards defendants demanded of plaintiff the value of the property converted; that waiving the tort, defendants pleaded in assumpsit, that plaintiff was indebted to them at the commencement of the action in the sum of $5,000, from which certain credits are deducted, leaving a balance of approximately $1,500, which they pray may be set off against any sum found due to plaintiff. This paragraph affirmatively shows that the matters pleaded therein were connected with plaintiff's cause of action, and were a part of the transaction forming the basis thereof.

The sixth paragraph alleges that on August 27, 1907, defendants consigned to plaintiff, for sale at Baltimore, 8,000 bushels of oats; that plaintiff advanced to them $3,675 on account thereof; that plaintiff received the oats at Baltimore on September 12, 1907, to be sold by him on the open market; that when received the oats were of the value of $4,200, on said market; that plaintiff failed to sell said oats, but on the contrary, without authority from defendants, stored them; that afterwards, on October 21, 1907, plaintiff

agreed, in a writing executed by him, and which is set out as an exhibit, that he would hold the oats until defendants ordered them sold, and would make no disposition thereof until directed so to do by defendants; that afterwards, on December 3, 1907, plaintiff, without receiving any instructions from defendants, and without their knowledge or consent, and in violation of said written agreement, sold the oats on the open market for fifty cents a bushel; that when sold, a general panic was prevailing throughout the country, and, as a result thereof, market values of oats were temporarily depressed at Baltimore; that within sixty days thereafter the Baltimore market price for oats of like quality was sixty cents a bushel; that had plaintiff waited for instructions, as provided for in the written agreement, the oats would have brought sixty cents a bushel on the Baltimore market; that by reason of the unauthorized sale defendants were damaged in the sum of $800, which they ask to recoup against anything that may be found due plaintiff on his complaint, and that they have judgment for the residue. It is averred in this paragraph that the consignment alleged is the same transaction sued on by plaintiff in his complaint.

Appellee attempts to meet the error assigned in regard to the sustaining of the demurrer to the second paragraph, by the proposition that the pleading is insufficient, because it does not deny, confess nor avoid the allegations of the complaint. The same proposition is asserted with reference to the sixth paragraph, and for that reason, and because the allegations of the answer are not as broad as those of the complaint, it is claimed the lower court did not err.

Our code of civil procedure was adopted in 1852. Since then the provisions thereof, with reference to answers of set-off and counterclaim, have been construed frequently by our courts of appeal. Nevertheless there seems, in some quarters, to be some confusion about the scope and effect of these provisions.

Neither set-off nor counterclaim was known to the com-

mon law. A set-off is a counter-demand, growing out of an independent transaction, for which the defendant might maintain an action against the plaintiff, pleaded by the defendant to counterbalance the plaintiff's recovery, either in whole or in part, and, as the case may be, and, when it more than counterbalances, to recover a judgment in his own favor. *Lovejoy* v. *Robinson* (1856), 8 Ind. 399; 25 Am. and Eng. Ency. Law (2d ed.) 488; 34 Cyc. 625.

Under our statute, it is allowed only where the defendant's cause of action is for a money demand on contract, "and must consist of matter arising out of debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." §353 Burns 1908, §348 R. S. 1881. Set-off does not attack the claim of the plaintiff, but, on the contrary, impliedly admits his cause of action, and urges the defendant's cause as a counter-demand to the plaintiff's recovery, in whole or in part. 25 Am. and Eng. Ency. Law (2d ed.) 492; *Stoner* v. *Swift* (1905), 164 Ind. 652.

Our statute defines a counterclaim as "any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." §355 Burns 1908, §350 R. S. 1881.

The first clause of the definition corresponds closely to that of the cross-bill in equity, and the latter clause corresponds to that of recoupment at common law. *Standley* v. *Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254. Consequently our counterclaim may be said to embrace both the chancery cross-bill and the common-law recoupment. *Standley* v. *Northwestern, etc., Ins. Co.*, supra; *Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518.

Our statute provides that "the answer shall contain: First. A denial of each allegation of the complaint con-

7. troverted by the defendant. Second. A statement of any new matter constituting a defense, counterclaim, or set-off, in plain and concise language." §352 Burns 1908, §347 R. S. 1881.

The word "answer" is not defined by our code. It may be defined, in law, as a counter-statement of facts in the course of a pleading; a confutation of what the other party has alleged. Webster's Dict.; *Larrabee* v. *Larrabee* (1851), 33 Me. 100; 2 Cyc. 472. So defined, it has been held repeatedly by this court that a pleading cannot perform the office of both an answer and a counterclaim. *Indiana, etc., Assn.* v. *Crawley* (1898), 151 Ind. 413; *Bird* v. *St. Johns Episcopal Church* (1900), 154 Ind. 138; *Hadley* v. *Prather* (1878), 64 Ind. 137; *Blakely* v. *Boruff* (1880); 71 Ind. 93; *Stoner* v. *Swift, supra.*

Neither set-off nor counterclaim has any of the properties of an answer, where "answer" is given its ordinary meaning, as a statement of a defense to the plaintiff's cause of action. A counterclaim or set-off is a pleading by which the defendant states a cause of action in his own favor, and against the plaintiff. If such a cause of action is independent of the one sued on by plaintiff, the defendant pleads by way of set-off; if such cause is a matter arising out of, or connected with, plaintiff's cause of action, he pleads by way of counterclaim. *Lovejoy* v. *Robinson, supra; Bird* v. *St. Johns Episcopal Church, supra; Brower* v. *Nellis* (1893), 6 Ind. App. 323.

8. The statutory form for a demurrer to a complaint, for insufficient facts, is that it does not state facts sufficient to constitute a cause of action. §344 Burns 1908, §339 R. S. 1881. Where the facts stated in any paragraph of answer, pleaded as a defense, are not sufficient to constitute a cause of defense, the plaintiff may demur to it under the rules prescribed for demurring to a complaint. §351 Burns 1908, §346 R. S. 1881. No express provision is made by statute for a demurrer to a set-off or counter-

claim, but by repeated decisions of this court the demurrer to such pleadings must be the same in form as a demurrer to a complaint. *Blue* v. *Capital Nat. Bank, supra; Kennedy* v. *Richardson* (1880), 70 Ind. 524; *Boil* v. *Simms* (1877), 60 Ind. 162; *Flanagan* v. *Reitemier* (1901), 26 Ind. App. 243; *Stoner* v. *Swift, supra; Storrs & Harrison Co.* v. *Fusselman* (1899), 23 Ind. App. 293. The fact that pleas of set-off and counterclaim are, by our code, required to be filed as a part of the answer may, in some instances, cause members of the profession to overlook the fact that by the very terms of the statute counterclaims and set-offs are causes of actions in favor of defendants, and consequently must be tested by demurrer by the same rules governing complaints. *Wills* v. *Browning* (1884), 96 Ind. 149; *Lupton* v. *Taylor* (1907), 39 Ind. App. 412; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30.

It therefore follows that plaintiff's demurrers to the second and sixth paragraphs of answer, in set-off and counterclaim, respectively, were not sufficient in form to challenge the pleadings; but, as sustaining a defective demurrer to a defective pleading would be harmless, it is necessary to consider the sufficiency of the pleadings. *Goldsmith* v. *Chipps* (1900), 154 Ind. 28; *Blue* v. *Capital Nat. Bank, supra,* and cases cited

Conceding, without deciding, that the averments of the second paragraph would be a sufficient plea of set-off, if it pleaded facts in an independent transaction, the fact remains that it affirmatively appears that the facts alleged therein, were a part of the transaction declared on in the complaint; and, under our statute, such facts should be pleaded by way of counterclaim instead of set-off, and consequently the error of the lower court, in sustaining a defective demurrer, was harmless. *Brower* v. *Nellis, supra.*

The sixth paragraph, by way of counterclaim, stated a cause of action against plaintiff. The fact that parts of the

transaction, set forth in the complaint, are not referred to in the counterclaim cannot affect it. The counterclaim must stand or fall, solely because of the facts therein alleged. It cannot be strengthened, weakened nor affected by the allegations of the complaint, provided only that it appears that the matter declared on arises out of, or is connected with, plaintiff's cause of action. *Bird* v. *St. Johns Episcopal Church, supra.* Here it appears that there was such connection between the cause of action stated in the complaint and that stated in the sixth paragraph of answer. Consequently the court erred in sustaining the demurrer to that paragraph.

Judgment reversed, with instructions to overrule the demurrer to the sixth paragraph of answer, and for further proceedings not in conflict with this opinion.