## THE EARLY AND DANIEL COMPANY *v.* BURBANK, TRUSTEE.

[No. 14,488.   Filed June 1, 1933.   Rehearing denied September 28, 1933.]

*McMullen & McMullen,* for appellant.

*Crawford A. Peters,* for appellee.

BRIDWELL, J.—Appellant filed its complaint against the appellee for possession of certain real estate which it had leased by a written lease to one Harry E. Niemeyer and which real estate at the time of the filing of the suit, was held and occupied by appellee as trustee for the firm of George Niemeyer and Sons, an insolvent firm of which the said Harry E. Niemeyer was one of the partners. The complaint demands judgment for one thousand dollars, possession of the real estate therein described, costs of the action and all other proper relief. Appellee's answer thereto is in two paragraphs; the first, a general denial; the second, omitting the formal

parts, and the exhibit thereto as follows: "The defendant in the above entitled cause of action by way of amended set-off against the claim and demand sued upon in plaintiff's complaint herein, says that plaintiff herein did by contract dated April 27, 1925, which was marked Exhibit 'A' and made a part of the lease, and which is now incorporated herein and made a part of this amended set-off, entered into April 30, 1925, between this plaintiff and defendant and upon which the original suit is filed, did sell unto said defendant the accounts upon the Aurora books, excepting those that are determined to be worthless or uncollectible. That said plaintiff has failed to credit said defendant's account or to allow credit therefor upon said lease as agreed upon and that there is now due this defendant from said plaintiff the sum of $838.62 for worthless and uncollectible accounts, a bill of particulars of all of which is filed herewith and made a part hereof, and marked Exhibit 'A'; that said sum is now due and unpaid.

"Wherefore, defendant asks that said sum be set off against any sum that may be found due the plaintiff on his claim and demand sued upon, and defendant asks judgment for the residue." A demurrer to the second paragraph was filed and overruled with an exception by appellant. A reply in general denial to this paragraph closed the issues. The cause was submitted to the court for trial and the decision was for appellee on appellant's complaint, and for appellee on the "amended set off" in the sum of $838.62. Judgment was rendered "that the plaintiff (appellant) take nothing by reason of his (its) complaint herein and that the defendant (appellee) recover of and from the plaintiff the sum of $838.62, together with his costs and charges laid out and expended taxed at ............ dollars and ............ cents." Appellant in due course filed its motion to modify the

judgment, and its motion for a new trial, each of which was overruled and appellant excepted as to each ruling. This appeal followed, the appellant relying upon the following assigned errors for reversal: (1) Error in overruling the plaintiff's demurrer to the amended set-off. (2) Error in overruling plaintiff's motion to modify the judgment. (3) Error in overruling plaintiff's motion for a new trial.

In the motion for a new trial, right to the same is asserted upon the following grounds: That the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law; that the assessment of the amount of recovery on the defendant's set-off is erroneous, being too large; and that the court erred in the admission of certain evidence over the objection of plaintiff.

Appellant contends that the court erred in overruling its demurrer to appellee's "amended set-off." The cause stated for demurrer is that "said set-off does not state facts sufficient to constitute a cause of action against the plaintiff." In *Duffy* v. *England* (1911), 176 Ind. 575, 96 N. E. 704, our Supreme Court said: "A set off is a counter-demand, growing out of an independent transaction, for which the defendant might maintain an action against the plaintiff, pleaded by the defendant to counterbalance the plaintiff's recovery, either in whole or in part, and, as the case may be, and, when it more than counterbalances, to recover a judgment in his own favor." Whether the pleading denominated as a "set-off" is properly so called, or whether it, in fact, is a counterclaim is not of controlling importance, as in any such pleading, the defendant must allege facts sufficient to state a cause of action against the plaintiff. *Duffy* v. *England, supra; Brower* v. *Nellis* (1893), 6 Ind. App. 323, 33 N. E. 672; *Johnson* v. *Tyler* (1891), 1 Ind. App. 387, 27 N. E. 643. In the instant

case the pleading questioned alleges that plaintiff sold to the defendant the accounts on the Aurora books excepting those that are determined to be worthless and uncollectible, by a contract dated April 27th, 1925, and that plaintiff has failed to credit defendant's account or to allow defendant credit for certain of said accounts that are worthless and uncollectible, in the amount of $838.62. A bill of particulars containing an itemized list of such accounts is made a part of the pleading as Exhibit A. The contract mentioned in the pleading, upon which it is manifest that the defendant relies for his right to recover against plaintiff, is not made a part thereof, in any manner, and a mere reference to the existence of such a contract is insufficient. (Sec. 386, Burns R. S. 1926.) In the case of *Brower* v. *Nellis, supra,* this court said: "A pleading must be complete within itself, without aid by reference to other pleadings." The demurrer to the "amended set-off" should have been sustained.

In considering the causes advanced for a new trial we have read the evidence in the record and find that it establishes the following facts: On the 30th day of April, 1925, appellant leased to one Harry E. Niemeyer certain real estate in the city of Aurora, Dearborn county, Indiana, for a term of ten years with an option to purchase same upon certain conditions at any time within the period of time covered by the lease. On the 27th day of April, 1925, the parties to the lease executed a contract wherein it was agreed that the lease would be made, and the covenants which the lease should contain were specified and set forth in such contract, which contract was, after the execution of the lease, attached to the same, marked Exhibit A, and made a part of said lease. Both instruments provided for the purchase by said Niemeyer, at his option, of the premises leased. At the time the contract was made appellant was occupying

the building located on the real estate leased as a warehouse, and engaged in selling special brands of prepared feeds for live stock and in purchasing and selling grain, hay, and like products. The contract entered into on April 27th, 1925, also provided that Niemeyer should purchase from appellant the "stock" on hands and certain accounts owing to the appellant and on the Aurora books of the appellant, clause six of said contract being as follows: "An inventory of all stock is to be taken on April 30th, 1925, jointly by the company's representative and Niemeyer, prevailing prices on that date to apply and for which Niemeyer is to give the company trade acceptances. Niemeyer is to take over all accounts now on the Aurora books except any that are determined to be worthless or uncollectible, and give the company trade acceptances in payment thereof." Pursuant to this contract appellant and said Harry E. Niemeyer inventoried the stock on hands; examined and listed the accounts on the books at Aurora, amounting in all to $3,295.96 and eliminated as uncollectible accounts totaling in amount $291.78; the amount of the inventory and the amount of accounts not eliminated were then added together and Niemeyer gave three trade acceptances therefor, which he afterwards paid. Niemeyer entered into possession of the premises leased and continued therein the business of selling prepared feed for live stock and the buying, selling and shipping of grain, hay, and like products. Following this occupancy by the said Harry E. Niemeyer, the firm of George Niemeyer and Sons occupied the premises, conducting a like business therein until October 2nd, 1928, when said firm, as failing debtors, made an assignment to Evans Burbank, as trustee, who continued in the occupancy of the premises leased. Under the terms of the contract between Harry E. Niemeyer and appellant, Niemeyer was to pay rental at the rate of $100 per month in advance, and all

taxes and assessments levied on the premises, and to keep the property insured. He was given the right to purchase for $9,000 on conditions as provided in the contract of April 27th, 1925, and this contract required the payment by Niemeyer of the sum of $1,000 for the privilege of purchase, this amount to be applied on the purchase price, in the event privilege was exercised during the term of the lease, otherwise to be retained by the lessor. Harry E. Niemeyer paid rent up to September, 1928, and appellee took charge of the affairs of George Niemeyer and Sons in October, 1928, and after he took possession of the premises he paid rent for a period of 17 months at the rate of $50 per month, this amount per month being accepted by appellant over said period of time; no rent was paid after February 12th, 1930. After the execution of the contract and lease in April, 1925, payments totaling approximately $7,174 were made in accordance with the provisions and conditions of said lease and contract.

There is no evidence in the record to prove that Harry E. Niemeyer ever assigned his rights under the contract of April 27th, 1925, or the lease of April 30th, 1925, to the firm of George Niemeyer and Sons; nor, is there any evidence that he ever assigned the accounts purchased by him from the appellant, to said firm. However, assuming without deciding, that said firm succeeded to all rights of Harry E. Niemeyer under said contract and the lease executed pursuant thereto, we yet fail to find evidence to justify the decision rendered in the court below. The accounts, for the amount of which appellee asserts a right of recovery, are not mentioned in the lease at all, except that the contract is made a part of the lease as an exhibit; the said contract of April 27th refers to said accounts only in clause six thereof, which clause has heretofore been quoted herein; there is no provision of said clause, or contract,

or lease, to the effect that the appellant will make good, or give credit for any accounts sold which afterwards might prove worthless or uncollectible; the elimination of the worthless accounts was made at the time of the purchase of the accounts, and all accounts not then decided to be uncollectible were bought and paid for. The wording of the contract is not ambiguous in respect to the purchase of the accounts, and there is an entire absence of any evidence to prove that, by the language employed, it was the intention and agreement of the parties that the said Niemeyer should be entitled to a credit, or to be reimbursed, for any account purchased by him and which he afterwards failed to collect. We are of the opinion that the decision is not sustained by sufficient evidence and is contrary to law.

In view of the conclusion reached we deem it unnecessary to extend this opinion by a discussion of the other error assigned.

Judgment reversed with instructions to sustain appellant's motion for a new trial, and its demurrer to the pleading denominated as an "amended set-off," and for further proceedings not inconsistent with this opinion.